Zielke vs. The London Assurance Corporation.

ZIELKE, Respondent, vs. THE LONDON ASSURANCE CORPORATION, Appellant.

*October 20 — November 3, 1885.*

INSURANCE AGAINST FIRE.  *(1, 2, 4) Proofs of loss: Waiver: Evidence: Pleading.  (3) Mistake or fraud in reducing statement to writing: Pleading: Evidence.*

1. In an action upon a policy of insurance evidence that the plaintiff presented a list of the articles destroyed, with the value of each, to the agent of the company, who examined and returned it without objection to its form or authentication, and that such agent afterwards required the plaintiff to submit privately to a full examination under oath as to the particulars of the loss, and reduced the same to writing, and expressed himself satisfied therewith, and carried the same away and kept it until the trial, is *held* admissible although such facts were not pleaded as a waiver or estoppel.

2. Such facts would amount to a waiver of any further proofs of loss and of all defects therein.

3. Evidence to show that in reducing the examination of the plaintiff to writing the agent of the company had, by mistake or fraud, represented her as saying that she was not the owner of the property insured, and to correct such statement, is admissible although the mistake or fraud was not pleaded.

4. Statements made by the agent of the company to plaintiff's husband (who was her agent to *settle* the loss for her), to the effect that the company was not liable and would not pay anything, are *held* admissible to show a waiver of formal proofs of loss.

APPEAL from the Circuit Court for *Winnebago* County.
Action upon a policy of insurance against fire. The facts
will sufficiently appear from the opinion. The jury returned
a special verdict by which they found, among other things,
that the defendant's agent did not inform the plaintiff that
the examination which she had submitted to from him was
not proofs of loss and that proofs of loss must be made by
her in accordance with the policy; and that the defendant,
by its agent, after the loss occurred, denied all liability and
refused to pay the plaintiff the loss under the policy. The
jury also found the value of the personal property owned
by the plaintiff which was destroyed by the fire. From the
judgment entered upon the verdict in favor of the plaintiff,
the defendant appealed.

For the appellant there was a brief by *Gary & Berry*,
and oral argument by *Mr. Gary*. They contended, *inter
alia*, that a waiver of any condition precedent operates as
and is an estoppel *in pais*. *Webster v. Phœnix Ins. Co.* 36
Wis. 67. Where the plaintiff relies upon an estoppel to
make out his cause of action, it must be pleaded. *Gill v.
Rice*, 13 Wis. 549, 556; *Warder v. Baldwin*, 51 id. 450, 459.
The only exception to this rule is where the evidence is
offered to rebut a defense to which no reply can be made in
pleading. *Waddle v. Morrill*, 26 Wis. 611; *Gans v. St. P.
F. & M. Ins. Co.* 43 id. 108.

For the respondent there was a brief by *Weisbrod, Har-
shaw & Nevitt*, and oral argument by *Mr. Weisbrod*.

ORTON, J. The questions raised and discussed on this ap-
peal are mainly of fact and incidentally *only* of law.

1. The complaint alleges that the plaintiff furnished to
the company due proofs of loss, and he attempted to prove
such allegation by showing that the plaintiff presented in
time a long list or schedule of the property destroyed, and

the value of each article, to the agent of the company, which was examined by him, and returned without objection to the form or authentication thereof, and without requiring any other or further proofs, and at the same time said agent compelled the plaintiff to submit privately to a full examination under oath as to the particulars of said loss, and reduced the same to writing, and expressed himself satisfied therewith, and carried the same away and kept it until the trial. The learned counsel of the appellant contends that such evidence being introduced to prove a waiver of any proofs of loss, and an estoppel of the company to claim the same or to insist upon the performance of such condition, such waiver and estoppel should have been pleaded. We do not understand that such evidence tended merely to prove a complete waiver of any proofs of loss, but rather to prove the making of the proofs of loss required by the policy, in such manner and form as required by the company at the time, as a compliance with the condition of the policy in that respect, and if it showed any waiver it was as to the mere form of the written proofs and their authentication. The long list of the articles destroyed, and showing the value of each, contained all the *substance* of such a list authenticated and made in the form required by the policy, and the personal examination of the plaintiff on oath was provided for by the policy, and was required by the company in addition to the proofs furnished by such list. The question is not so much of a waiver of this condition of the policy as of a substantial compliance with such condition to the satisfaction of the company. But if this is not the true theory of the legal effect of such evidence, the plaintiff could not anticipate that the defendant would deny the allegation of the complaint that due proofs of loss were furnished. In either view the waiver or estoppel was not required to be pleaded by the plaintiff.

The authorities cited by the learned counsel would be applicable to cases when the cause of action or defense depended mainly upon an estoppel.

2. In reducing the examination of the plaintiff to writing by the agent of the company, she was made to say that she was *not* the owner of the personal property destroyed. On the trial the plaintiff demanded the production of said writing, and then offered to show that such statement therein was a mistake or not true. It is contended by the learned counsel that if that paper was to be attacked for fraud, it should have been pleaded. This question was decided in *McKesson v. Sherman*, 51 Wis. 303, in which it was said that "no good reason is perceived why any instrument may not be attacked as fraudulently obtained, even before and in anticipation of its introduction by the opposite party." In that case the instrument had been misread, when the plaintiff was unable to read, and false statements made therein. In this case the plaintiff had never seen the writing, and did not know its contents, although it purported to be her examination on oath, and she being a German woman, and not understanding much English, when the writing was produced she found that such statement therein was not made by her on her oral examination, and she was properly allowed to testify to the facts in correction of said writing.

3. Fred. Zielke, the husband of the plaintiff, was employed by her to settle the loss for her with one Iott, the agent of the company, and in his interview with Iott for such purpose asked him "what he was going to do about this settlement about the fire business?" and he testified that Iott said in reply that "he wouldn't pay anything what was lost at all;" that "this company was not liable to pay anything for it;" that "the last answer he gave me was that they would not pay anything; the reason was this property was too cheap." The learned counsel contends

that this testimony was not within such agency to settle the claim of the plaintiff with the company, and therefore inadmissible. The husband, as the agent of the plaintiff for this purpose, certainly had a right to ask the agent what he would do about such settlement; and if that was within the agency, why was not the agent's reply? Suppose the agent had said in reply that the company would pay some part of the claim, would not that have been within the agency to *settle?* And suppose, further, that the agent of the plaintiff said that he accepted such proposition, and would take such part payment in full satisfaction of the plaintiff's claim, would not she have been bound by such a settlement? The answer was as much within the agency as the question. The bare statement of the proposition is sufficient. The jury found on this evidence that the company denied all liability and refused to pay the plaintiff the loss after it had occurred. This finding, if sustained by the evidence, and we think it was, would dispense with the necessity of formal proofs of loss. *McBride v. Republic F. Ins. Co.* 30 Wis. 562; *Parker v. Amazon Ins. Co.* 34 Wis. 363; *Harriman v. Queen Ins. Co.* 49 Wis. 71.

4. The testimony of the plaintiff that she presented to the agent of the company, as proofs of loss, a list or schedule of the property destroyed and showing its value, and that he examined it and made no objection to the form of it or its want of other authentication, but soon thereafter required her to submit to a full examination under oath in respect to such loss; that he carried the same away and expressed his satisfaction therewith, and said it was sufficient and that nothing more would be required of her,— if believed by the jury, would have warranted a finding that such proofs of loss were furnished as called for by the policy, with a waiver of any further proofs, and this evidence, by the decisions of this court, was a waiver of any defects therein. *Killips v. Putnam F. Ins. Co.* 28 Wis. 472; *O'Conner v. Hartford F.*

Lawson, Adm'x, etc. vs. Chicago, St. P., M. & O. R. Co.

*Ins. Co.* 31 Wis. 160; *Badger v. Glens Falls Ins. Co.* 49 Wis. 389.

There were other points taken, but not important, and they do not affect the merits of the action or the verdict. There was a conflict of evidence between the agents of the company and the plaintiff upon most all material points, and the jury had the right to believe the plaintiff, and, so believing, their verdict was sustained by the evidence. We think the charge of the court was fair and correct, and not liable to the criticisms made upon it in the appellant's brief. We can find no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.