ARKANSAS INS. Co. v. Cox.

No. 879, Ind. T.    Opinion Filed September 10, 1908.

(98 Pac. 552.)

1.    INSURANCE—Fire Policy—Breach as to One Item of Property Insured—Effect.    Where an insurance policy is issued and different classes of property insured, each class being separated from the others and insured for a specific amount, and there is a breach of the condition of the contract as to one class of the property insured, the contract should be considered not as one entire in itself, but as one which is separable and in which the separate amounts specified may be distinguished, and a recovery had for one or more without regard to the other items, provided the contract is not affected by any question of fraud, act condemned by public policy, or any increase in the risk of the property insured.

2.    SAME — Insurable Interest — Vendee of Land—"Unconditional and Sole Owner."    A vendee of land occupying the same under an executory contract of purchase, on which he has paid a portion of the purchase price, is an "unconditional and sole owner" in fee simple of the equitable title within the condition of a policy providing that it shall be void if the interest of the

insured is other than unconditional and sole ownership of the fee-simple title.

3. **SAME—Estoppel—Insurer's Knowledge of Facts.** Where it is shown that the insured truthfully and correctly stated the nature and condition of his title in making the application for insurance, he will not be precluded from recovering in case of loss on account of a contrary title stated in the policy by the underwriter.

4. **SAME—Proofs of Loss—Waiver of Defects.** Where an insurance company did not object, within a reasonable time, that proofs of loss furnished it by the insured were defective (as that the notary public before whom the same were sworn to did not designate his official title nor attach his seal), it must be held that the company waived all defects therein.

5. **SAME—Nonpayment of Premium Notes—Effect.** Where two notes are given in payment of the premium on a fire insurance policy, and no reference is made to them in the policy, nor the validity of the policy is in any way made contingent upon the payment of the notes, the policy is not invalidated by nonpayment of the notes at their maturity.

(Syllabus by the Court.)

*Error from the United States Court for the Central District of the Indian Territory; W. H. H. Clayton, Trial Judge.*

Action by J. M. Cox against the Arkansas Insurance Company. Judgment for plaintiff, and defendant appealed to the United States Court of Appeals of the Indian Territory, whence the cause was transferred, under the Enabling Act, to the Supreme Court of the state of Oklahoma. Affirmed.

Appellee, who was plaintiff below, sued appellant, who was defendant below, on a policy of insurance issued by defendant to plaintiff in the sum of $600, dated December 1, 1905, and expiring December 1, 1906. This suit was originally brought in the United States Court for the Central District of the Indian Territory at McAlester. Plaintiff recovered judgment for the sum of $486.86, from which judgment appeal was taken to the United States Court of Appeals of the Indian Territory, and it is before this court for final disposition under the provisions of the Enabling Act.

Plaintiff in his complaint alleges the issuance of the policy, and attaches a copy of same to his complaint as an exhibit, and alleges that a portion of the property insured by said policy was on the 8th day of December, 1905, destroyed by fire. Defendant in its answer admitted the execution of the policy for the amount and on the date stated in the complaint, but sought to avoid the policy upon the ground that misrepresentations were made in the application of plaintiff therefor, which application was, by the terms thereof and by the terms of the policy, made a part of the policy.

*H. F. George,* for appellant.

*Campbell & Wright,* for appellee.

HAYES, J. (after stating the facts as above). Numerous assignments of error were made by appellant, but its counsel in his brief states that all propositions raised by the various assignments of error, in so far as this appeal is concerned, are abandoned except three. It is contended that the policy was void, and plaintiff was not entitled to recover: First, because of misrepresentations made by him in the application; second, for failure to furnish proper proof of loss; third, for failure on the part of plaintiff to pay the premium notes given by him in settlement of the premium for the policy. These propositions are raised by appellant by different assignments of error, some of which go to instructions given by the court and excepted to, some to instructions requested by the appellant and refused by the court, and others to the admission of testimony; but we shall not discuss in detail the various assignments' of error by which 'these three different propositions are presented, for all the assignments of error not waived by appellant, taken collectively, present these three propositions of law. If appellant is correct in his contention as to any of them, then the case should be reversed; otherwise, the case should be affirmed.

The policy sued upon was issued by defendant at the office of its general agent at South McAlester, upon a written applica-

tion of plaintiff which was procured by Foster & Dalton, agents of defendant residing at Stigler, Ind. T. The application was made upon a printed form furnished by the agents of the company. The property to be insured, the valuation and amount of insurance on each item thereof, is stated and described in the application as follows:

|  | Valuation. | Sum to be insured. |
|---|---|---|
| On dwelling house | $450.00 | $300.00 |
| On household furniture therein | 150.00 | 100.00 |
| On bed and bedding therein | 150.00 | 100.00 |
| *  *  *  *  *  *  * | *   * | *   * |
| On wagons, buggies and harness in barn and shed | 150.00 | 100.00 |

The policy issued upon the application was for an amount not exceeding $600 on property described in the policy as follows:

"$300.00 on one story frame building with shingle roof and communicating additions, including foundations, on water, gas and steam pipes and fixtures, on electric wires and annunciators, while occupied as a dwelling house or ——, and situated town of Garland, I. T.

"$100.00 on household and kitchen furniture, useful and not ornamental, beds, bedding, linen, stoves, provisions, and family wearing apparel in good condition.

"None on sewing machine, all while contained in the above described building. None on piano or organ all while contained in the above described building.

"Barn and Contents.

"$100.00 on one story frame barn with shingle roof building including foundations and stalls, situated in the rear of the above described building.

"Miscellaneous.

"$100.00 on wagons, buggies and harness in barn or shed.
*    *    *    *    *    *    *    *    *  ,  *    *

"$600.00 total concurrent insurance permitted, including this policy."

The first alleged misrepresentation in the application for which defendant seeks to avoid the policy is that the policy covers one buggy which was not owned by plaintiff at the time of the issuance of the policy, but that plaintiff by the terms of the ap-

plication and policy represented that he owned same. By the
terms of the application, plaintiff's answers therein were made
his warranties, and the policy contained the following clause:

"This entire policy shall be void if the insured has concealed
or misrepresented, in writing or otherwise, any material fact or
circumstance concerning this insurance or the subject thereof:
or if the interest of the insured in the property be not truly stated
herein; or in case of any fraud or false swearing by the insured
touching any matter relating to this insurance or the subject
thereof, whether before or after a loss."

By virtue of this clause of the policy it is contended by de-
fendant that the policy is void and of no effect because of plain-
tiff's misrepresentations as to his interest in the buggy. There
is no specific reference in the application or in the policy as to
any buggy or buggies, except as has been set out hereinbefore in
the clauses quoted from the application and from the policy.
Upon receipt of the policy by plaintiff he read the clause "$100.00
on wagons, buggies and harness in barn or shed," and thereupon
called the attention of defendant's agents, through whom the ap-
plication for insurance was made, to the fact that he owned no
buggy. It appears that plaintiff inferred from the language of
said clause in the policy that it was intended to insure a buggy
—and he had owned, prior to the giving of the application for
insurance, a buggy, but he had sold the same some 60 days before
that time. There is no explanation of how the clause in the ap-
plication and in the policy came to include the word "buggies."
The agents were unable to remember that any request for in-
surance upon buggies was made or any representation by plaintiff
that he owned any buggy at the time the application was given
and there is nothing in the policy or in the application that in-
dicates that any such representation was made other than the
clause quoted. Plaintiff owned a wagon which, however, was not
destroyed by fire. He also owned some harness which was still in
the barn and shed covered by the policy. There is no evidence
whatever that the policy was made to cover buggies through any

fraudulent act or procurement of plaintiff, nor was it shown that the risk of the company was increased by reason of the policy having included buggies when the insured owned no buggy. In order to forfeit this policy, the insurance company insists that these clauses in the application and policy should be construed to insure a buggy which plaintiff had at one time owned, but which he did not own at the time he made his application or at the time of the issuance of the policy, and that he represented that he owned the same. There was no evidence that plaintiff owned or represented that he owned any buggy, or that there were any buggies at the time of the issuance of the policy kept by him in said barn and shed. There was no insurance on any buggy thus located, for none existed. The construction which the insurance company insists upon in this case is for the purpose of incurring a forfeiture of this policy. Forfeitures are not favored by the law. The reasoning that would support the construction that by virtue of said clauses plaintiff represented he had one buggy and that one buggy was insured would also support the construction that he had more than one buggy, for the language of the clause is "buggies," not "buggy." The application and the policy were written upon printed forms of the company, and no doubt for the purpose of convenience to itself and agents. A mere failure of the company or of the applicant to strike from the application and from the policy the word "buggies," in the absence of any other showing by the terms of the application or of the policy or of representations made by the insured that the insured owned a buggy, that the same was to be included in the policy and was included in the policy, should not be construed as a representation that he did own a buggy. Plaintiff owned a wagon and harness, and it is not shown that the value of the same was not sufficient to entitle him to all the insurance he obtained thereon by virtue of this clause in the policy; but if the policy and application were construed, as contended for by the insurance company, as including representations of plaintiff that he owned a buggy and that the policy insured the same, still this would not be sufficient

to avoid the entire policy. Items of property insured by the policy were separately valued and insured in separate amounts, and under the rule adopted by the Supreme Court of the territory of Oklahoma in *Miller v. Delaware Ins. Co.*, 14 Okla. 81, 75 Pac. 1121, 65 L. R. A: 173, a breach of the policy as to one item insured therein would not avoid the policy if the same was not affected by any question of fraud, act condemned by public policy, or any increase in the property insured, and this is true notwithstanding the policy contained a provision that "this entire policy shall be void if the insured has concealed * * *."

There is not an absence of authorities holding to the contrary, and this court, in *Sullivan v. Mercantile Town Mutual Ins. Co.*, 20 Okla. 460, 94 Pac. 676, had occasion to cite some of the authorities holding on both sides of this proposition; but we were not called upon in that case to decide which rule this court would adopt, and did not do so. The authorities supporting the doctrine announced by the court in *Miller v. Delaware Ins. Co., supra*, are well collected by the court in that opinion, and we think that the rule adopted by the court in that case is the rule supported by the greater weight of authorities, and should not be overturned by this court, but should be adopted and followed.

*Herzog v. Palatine Insurance Co.*, 36 Wash. 611, 79 Pac. 287, presents a state of facts similar to those in the case at bar. The policy in that case in one item insured a piano for the sum of $200, but the insured did not at the time of the fire or at the time the policy was issued own any piano whatever. The record did not disclose how the piano came to be included in the policy of insurance. The court held that where a policy of insurance is issued covering different classes of property, and each class is insured for a specific sum, a breach of the contract of insurance as to one or more of the items does not avoid the policy as to the other items not affected by the breach, in the absence of fraud, act condemned by public policy, or increase of risk to the property insured by reason of the breach as to the part. Plaintiff in

the case at bar waives any claim for loss of property included in the clause of the policy covering wagons, buggies, etc.

The second alleged misrepresentation for which it is sought to avoid the policy is that in the application the following questions and answers were made:

"Q. Is your ownership of property to be insured absolute, unqualified and undivided? A. Yes. Q. In whose name is the land on which property to be insured is located? A. R. L. Folsom. I have a contract for the land these buildings are on with a Choctaw Indian and have paid him for it."

It was agreed that, at the time of the application and of the loss, plaintiff occupied the land upon which said improvements were located under a contract with R. L. Folsom to give him, the plaintiff, a deed to said land when said Folsom received his patent; that the entire consideration to be paid for the land was $500; that, at the time the application was made by plaintiff, plaintiff had paid $425 on the consideration, and the remaining $75 was by the terms of the contract not to be paid until Folsom should deliver to plaintiff a deed to the land. The policy contained the following clause:

"This entire policy unless otherwise provided by agreement endorsed herein or added hereto shall be void, * * * if the interest of the insured be other than unconditional and sole ownership, both legal and equitable, or if the subject of insurance be a building on ground not owned by the insured in fee simple; or if the subject of insurance be personal property and be or become incumbered by a chattel mortgage. * * * *"

Defendant insists that the answers of plaintiff in his application as to his interest in the dwelling house and barn insured and the land on which the same was situated were false, and that he did not have the unconditional and sole ownership, both legal and equitable, of the property, and that he was not the owner of the fee-simple title to the land on which said buildings were situated, and that by reason of such facts the policy, under the provision thereof quoted *supra,* was void. There was no misrepresentation by plaintiff in his application as to who owned the legal

title to the land on which the property was situated. His answer to the questions in the application disclose that the same was held in the name of R. L. Folsom. This fact was known to the insurance company by the written application of plaintiff, containing such answer, being before the company at the time it issued the policy sued on; and the company, having with full knowledge issued the policy to plaintiff, cannot now insist upon the clause in the policy requiring the insured to be the unconditional and sole owner of the legal title, but will be held to have waived such condition. The law will not permit it, with full knowledge of the condition of the legal title to the land on which the insured's property was located, to accept the application and the premium note given by the insured in payment of the premium on the policy, and to insert in the policy a provision contrary to the conditions of the title as represented by the application by which it may defeat the right of recovery in case of loss. *German-American Ins. Co. v. Paul,* 5 Ind. T. 703, 83 S. W. 60; *Allen v. Phoenix Ins. Co.,* 12 Idaho, 653, 88 Pac. 245, 8 L. R. A. (N. S.) 903.

Was plaintiff the unconditional and sole owner of the equitable title to the land on which the property insured was located? There is no denial that Folsom held the legal title to the land in controversy, or that the contract of sale between him and the plaintiff is valid, and since the burden of proof is upon defendant to establish such facts as were necessary to avoid the policy, in the absence of any attack upon the validity of the contract between Folsom and plaintiff, it will be assumed that it was valid and passed the interest in the land in controversy purported to have been passed by such contract. As to what interest in property answers the requirement of the provision of a standard fire insurance policy to the effect that "the entire policy shall be void if the interest of the insured be other than the sole and unconditional ownership or if the subject of insurance be located on ground not owned by the insured in fee simple," has often received

Vol. 21—56

the consideration of and been determined by the courts. The authorities hold, almost without exception, that a vendee of land who occupies the same under an executory contract of purchase is the unconditional and sole owner of the same and of the fee-simple title thereto within the provision of policies of insurance above quoted, and that this is true although the entire purchase price has not been paid.

This question was ably discussed in *Loventhal v. Home Ins. Co.*, 112 Ala. 108, 20 South. 419, 33 L. R. A. 258, 57 Am. St. Rep. 17, in which case the court holds the rule herein announced, and supports the same with citations. from numerous authorities. Other cases in which the same doctrine is announced are: *Franklin Fire Ins. Co. v. Crockett*, 7 Lea (Tenn.) 725; *Mathews v. Capital Fire Ins. Co.*, 115 Wis. 272, 91 N. W. 675; *Tuck v. Hartford Fire Ins. Co.*, 56 N. H. 326; *Knop v. National Fire Ins. Co.*, 101 Mich. 359, 59 N. W. 653; *Baker v. State Ins. Co.*, 31 Or. 41, 48 Pac. 699, 65 Am. St. Rep. 807; *Imperial Ins. Co. v. Dunham*, 117 Pa. 460, 12 Atl. 668, 2 Am. St. Rep. 686.

In *Phoenix Ins. Co. v. Kerr*, 129 Fed. 723, 64 C. C. A. 251, 66 L. R. A. 569, it was held that the interest of a purchaser of property, which the purchaser has unqualifiedly agreed to buy and which the former owner has absolutely contracted to sell to him upon definite terms, is a sole and unconditional ownership within the true meaning of the ordinary clause on that subject in insurance policies, because the vendor may compel the vendee to pay for the property and suffer any loss that may occur.

Plaintiff at the time of the issuance of the policy occupied the lands upon which the property insured was located, and he had placed thereon the buildings insured under the policy, and he had occupied the land under the contract of purchase, on which he had paid all the purchase price except $75. He was the unconditional and sole owner in fee simple of the equitable title to said land, and had such an interest therein as was required by the conditions of the policy relied upon for a forfeiture, except that he did not own the legal title, but that portion of the condi-

tion of the policy was waived by defendant. Nor did the assured make any misrepresentations as to his interest in the property, although he stated that he had paid the person from whom he had contracted the land therefor. The fact that he owed a balance of $75 to Folsom on the contract of purchase in no way affected his title to the land, or his unconditional and sole ownership thereof within the meaning of the condition in the policy, and this was true although the vendor had a lien upon plaintiff's interest in the land for the balance of the purchase price. A lien created or a mortgage executed by the insured upon his property does not affect his title to the property, or his insurable interest thereon, and, unless required to do so by the application for insurance or the conditions of the policy, the insured need not disclose the existence of such lien or mortgage. 13 Amer. & Eng. Ency. of Law, 168-170, and authorities there cited; *Loventhal v. Home Ins. Co., supra.*

One of the provisions of the policy required the insured in case of loss by fire to render proof of loss to the company, signed and sworn to by him, within 60 days after the fire. Plaintiff, within 8 or 10 days after the fire, made out a statement of his loss, subscribed and swore to the same, and forwarded it to the company, but the notary public before whom plaintiff swore to the proof of loss omitted to indicate his official title and to attach his seal. The company made no response to plaintiff's proofs of loss. Plaintiff after a time, and before the expiration of 60 days, wrote the company inquiring why they gave no attention to his claim. To this letter he received no response. Shortly after the expiration of 60 days after the fire the company, through its agents, began an investigation of the loss, but no objection was ever made to the proofs of loss submitted until this action was brought, and defendant cannot avail itself of the defect therein now. If the proofs of loss given by plaintiff were defective, and not in compliance with the policy, and not satisfactory to defendant, defendant should have notified plaintiff of such facts within a reasonable time and pointed out to him the specific defects in

order that plaintiff might remedy the same, and, having failed to do so, the defendant waived its right to have the proofs of loss submitted in the exact form and manner prescribed by the policy. *Joyce on Insurance*, vol. 4, § 3362; *Hanover Ins. Co. v. Lewis*, 28 Fla. 209, 10 South. 297; 16 Ency. of Law, p. 959.

Plaintiff executed two promissory notes in payment of the premium on the policy. These notes were past due and unpaid at the time of the institution of this suit, and defendant contends for forfeiture of the policy for the non-payment of said notes, but neither the notes nor the policy make the validity of the policy contingent upon the payment of the notes. These notes were given by plaintiff and accepted by defendant in payment of the premium just as so much cash, and plaintiff is liable thereon for the amount of the same. Plaintiff in fact has tendered payment of the same to the company, which was refused. In the absence of stipulation in the note or in the policy of insurance that failure to pay the notes given in payment of the premium should operate as forfeiture of the policy or a suspension of the risk, the policy will continue in force after the maturity of the notes although the same are not paid. *Joyce on Insurance*, vol. 2, § 1212.

Finding no error in the matters complained of by appellant in its assignments of error relied upon, the judgment of the trial court is affirmed.

All the Justices concur.