JOHN B. TURNER, CHIEF JUSTICE.
SAMUEL W. HAYES, ⎫
R. L. WILLIAMS, ⎪
MATTHEW J. KANE, ⎬ JUSTICES.
JESSE J. DUNN, ⎭

## HOME INS. CO. OF NEW YORK v. BALLARD.

### No. 1404.   Opinion Filed May 14, 1912.

### (124 Pac. 316.)

1.   INSURANCE—Evidence—Forfeiture of Policy—Waiver of Pro-
vision.  In an action on an insurance policy which contains the
provisions that the policy shall be void if the insured is not the
unconditional owner of the property covered, and that no officer
or agent of the company is authorized to waive any of the pro-
visions thereof except in writing indorsed on or attached to the
policy, where the company's defense is that such provisions have
been violated in that there was a lien against the property at the
time it was insured, and plaintiff replies that the agent of the
company was informed of such lien, that notice to the agent was
notice to the company, and that the company thereby waived
such provision by issuing the policy with knowledge of the lien,
held that, as to all policies issued prior to statehood, such notice
to the agent is not notice to the company, and that such agent
has no authority to waive such provisions except as provided in
the policy; that parol proof of such waiver is not admissible
and that a violation of such provision renders the policy void.

2.    **SAME—Breach of Warranties.** In an action on an insurance policy where the company defends on the ground that the provisions known as the "iron safe" and "inventory" clauses have been violated by a failure to keep such books and inventory in a fireproof safe, and the record shows a substantial compliance with such provisions, *held*, such substantial compliance is sufficient to entitle plaintiff to recover.

3.    **SAME—Adjustment of Loss—Appraisement by Insured—Waiver.** Where an insurance company defends in an action on one of its policies, on the ground that plaintiff had failed to have an appraisement made as provided in the policy, and the record shows the proof of loss was duly made, and that the company refused to adjust such loss, and refused payment of same, and denied any liability for same, *held*, the insured was not deprived of his remedy at law for failure to have the property appraised after the company had denied any liability for the loss.

(Syllabus by Harrison, C.)

*Error from District Court, Logan County;*
*A. H. Huston, Judge.*

Action by T. M. Ballard against the Home Insurance Company of New York. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Burwell, Crockett & Johnson,* for plaintiff in error.

*E. I. Saddler,* for defendant in error.

Opinion by HARRISON, C. This action was filed in the district court of Logan county October 17, 1908, by T. M. Ballard against the Home Insurance Company of New York to recover the sum of $300 on two insurance policies, one for $50 and one for $250. Plaintiff alleged that on May 21, 1907, he procured insurance from defendant company in the sum of $50 on certain restaurant furniture and fixtures in the city of Guthrie, paying as an annual premium thereon the sum of $2.53. That afterwards, on July 3, 1907, plaintiff, having increased his business and his stock of furniture and fixtures, was visited by the agent of defendant and requested by such agent to take out additional insurance, and did on said date procure additional insurance on the increased stock of ·furniture. and fixtures in the sum of $250, for which he paid defendant as an annual premium the sum of $12.65. That on April, 1908, without the knowledge,

fault, or negligence of plaintiff, the building in which plaintiff's business was being conducted was destroyed by fire, and with it all of plaintiff's property. That plaintiff immediately notified defendant of such fire and reported the losses sustained thereby and demanded payment of said policies. That defendant refused to pay said policies, wherefore plaintiff asked judgment in the sum of $300, the same being the aggregate amount of such policies.

Defendant answered denying the allegations in the petition, and for further defense denying any liability under such policies on the grounds: That, at the time the policies were issued, plaintiff was not the sole and unconditional owner of the property insured; that plaintiff was indebted to certain persons for a portion of such property, which indebtedness was evidenced by a certain contract or title note in which it was agreed between plaintiff and the party from whom the property was purchased that the title to such goods should remain in the first party until they were fully paid for by plaintiff. That by the terms of such policies plaintiff obligated himself to keep certain inventories and books for the inspection of the company, and to keep same in a fireproof safe at night, so that in case of loss the damage sustained could be ascertained therefrom, which set of books and inventories he had failed to keep. That plaintiff had failed to have the alleged loss appraised as provided for in the policies, and that, under the provisions of said policies, this action could not be brought until the expiration of 60 days after the appraisement therein provided for. That plaintiff had not given the notice and furnished the proof of loss provided for in such policies, and that by reason of plaintiff's violation of the terms and conditions of such policies, in the manner aforesaid, defendant was not liable in any amount on such policies.

To the allegations of new matter alleged in defendant's answer plaintiff filed a general denial, and on the issues thus joined the cause was tried in September, 1909, resulting in a verdict in favor of plaintiff in the sum of $250. Motion for a new trial was presented and overruled, and judgment rendered

on the verdict. From which judgment and order overruling motion for a new trial defendant, plaintiff in error, appeals, complaining of nineteen separate assignments of error.

In the plaintiff in error's brief but one proposition is presented and argued. This, however, is a general proposition and includes practically all of the minor questions presented in the petition in error, viz., that, the policies having been issued prior to statehood, their provisions should receive the same construction and be given the same force and effect which had been given them by the courts during the period of territorial government. The decisive feature of the question presented here, and which was decided by the Supreme Court of the United States in *Northern Assurance Co. v. Grand View Building Ass'n,* 183 U. S. 308, 22 Sup. Ct. 133, 46 L. Ed. 213, is: Where a policy contains, among others, the provision that it shall be void if the property insured be or become incumbered by chattel mortgage, or the interest of the insured in such property be other than unconditional and sole ownership, or if a concurrent policy be obtained on the same property, and the further provision that none of the provisions, terms, or conditions of such policy shall be waived by any officer, agent, or other representative of the company, unless expressly waived in writing, and such waiver be attached to and made a part of the policy, whether, under such provisions, notice to the local agent of the existence of a chattel mortgage against the property to be insured at the time the application for insurance is made is notice to the company; whether, at the time the application is taken, knowledge of such chattel lien by the agent is notice to the company; whether parol proof of such knowledge is admissible; and whether, with such knowledge on the part of the agent issuing the policy, the company shall escape liability because of the provisions aforesaid.

In the case, *supra*, it was held that a violation of these provisions rendered the policy void, and that parol proof of waiver on the part of the company's agent was inadmissible. This rule is followed by this court in *Sullivan v. Mercantile Town Mut. Ins. Co.,* 20 Okla. 460, 94 Pac. 676, 129 Am. St. Rep. 761, *State*

*Mut. Ins. Co. v. Craig,* 27 Okla. 90, 111 Pac. 325, where the policies were issued and suits filed prior to statehood.

In *Phoenix Ins. Co. v. Ceaphus,* 29 Okla. 608, 119 Pac. 583, the same rule is followed where the contract was entered into and policy issued prior to and suit instituted since statehood. This case is identical, as to the question involved, with the case at bar; the question being whether the insured was the unconditional owner of the property. Chief Justice Turner in discussing the rule in *Northern Assurance Co. v. Grand View Building Ass'n, supra,* says:

"The Supreme Court held that parol testimony to establish a waiver of said condition was not only inadmissible to prove that the agent of the company issuing the policy had notice or knowledge of that fact at that time, but that such condition could not be waived by any agent of the company except in the manner stated in the policy, and that the knowledge of the agent of the existence of the forfeiture at the time of its inception did not constitute a waiver of the conditions of the policy. As the law, as it existed at the time and place of the making of this contract, is a part thereof, and what constitutes a waiver, the facts being undisputed, is a question of law, and as the waiver here contended for occurred, if at all, at the inception of the policy and by the happening of no subsequent event, so that case, deciding as it does that the evidence offered, if admissible, was insufficient in legal effect to establish a waiver, is and was the law entering into that contract construing it and fixing the rights of the parties thereto. For that reason and the further reason that the parties to said contract being chargeable with knowledge of the law as it then existed, and presumed to have contracted with knowledge that the acts complained of and then transpiring did not constitute a waiver of said stipulation, that case is controlling here."

It follows, therefore, in the case at bar, that the policy issued to plaintiff July 3, 1907, for $250, is void, and that the agent, Walker, had no authority to waive any of the conditions of the policy except as therein provided, and that notice to him was not notice to the company, and that testimony in proof of such waiver was inadmissible.

Also in *Western Nat. Ins. Co. v. Marsh,* and in *Insurance Co. of N. Am. v. Little* (not yet officially reported), the two

classes of cases are clearly distinguished and the authorities exhaustively collected. In the latter cases the actions were upon policies issued since statehood. The court holding that in actions on policies issued since statehood, the rule in *Northern Assurance Co. v. Grand View Bldg. Ass'n, supra,* would not be followed.

As to the first policy, however, in the case at bar, the rule in *Northern Assurance Co. v. Grand View Bldg. Ass'n, supra,* is not applicable. The question of waiver, as to that policy, was not an issue. There was no incumbrance against the property covered by the first policy. The property covered by the policy was separate and distinct from the property covered by the second policy. There is no intimation in the record that any of the property covered by the first policy was mingled with, or included within, the list covered by the second policy. We recognize, however, that the defenses as to violations of the "iron safe" and "inventory" clauses, and the further defense that proof of loss and appraisement had not been made in compliance with the provisions of the policy, are made against, and applicable to, both policies. But the record discloses a substantial compliance with the "iron safe" and the "inventory" clauses. The policies do not cover a stock of merchandise constantly changing in the course of business, but cover a list of furniture and fixtures used in a restaurant business. The plaintiff had a reasonably correct list of same. In fact, so far as the record goes, he produced an absolutely correct list of the items lost, but, whether absolutely correct or not, it showed a reasonably correct list of the items insured, the items lost, and the value thereof. The production of such an inventory of the property lost, and the correctness of same being unquestioned by defendant, we think was a substantial compliance with the provisions of the policy. And without passing on the question whether the "iron safe" and "inventory" clauses are applicable alike to constantly changing stocks of merchandise and lists of furniture and fixtures or lists of household goods kept for continuous use, we hold that the record herein discloses a substantial compliance with those provisions in this case.

As to the defense of plaintiff's failure to make proof of loss and to cause appraisement to be made, the record shows that he made proof of loss, sent same to the company, and that the company refused payment of same, refused to adjust same, and denied any liability whatever therefor. Under this state of facts plaintiff should not be denied his remedy at law.

From the record presented here we see no reason why, upon proper proof of loss of the specific property covered by the first policy, the plaintiff should not recover thereon.

The judgment therefore is reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.