## INSURANCE CO. OF NORTH AMERICA v. COCHRAN et al.

No. 6307—Opinion Filed June 20, 1916.

(159 Pac. 247.)

**1. Insurance—Proofs of Loss—Sufficiency.**

Substantial compliance with the requirements of proof of loss is sufficient. Held, in this cause, that the proof of loss under the circumstances was a substantial compliance with the requirements of the policy.

**2. Same—Waiver.**

Where the petition alleges the making of proper proof of loss and the evidence discloses that proof of loss, though defective, was accepted and retained by the company and no complaint made of the defects or notice given the insured, held such defects waived, and further proof unnecessary.

**3. Appeal and Error—Review—Prejudicial Effect of Error—Burden of Proof.**

Where error is predicated upon the introduction of incompetent evidence, it must appear that the trial judge relied upon such incompetent evidence before the cause will be reversed; and where the conclusions of fact and of law fairly show that such evidence was not considered, its admission will be held not prejudicial.

**4. Appeal and Error—Presenting Questions in Trial Court—Parties.**

The right of a trustee of bankrupt estate to be made a party plaintiff, without objection or exception, so far as the record discloses, cannot be urged in the Supreme Court for the first time.

**5. Appeal and Error — Review — Successive Appeals—Law of the Case.**

Where questions of law upon a state of facts have been settled upon a former appeal, and are based, in substance, upon the same evidence when again presented, the decision on the former appeal is the law of the case and binding upon this court.

(Syllabus by Clay, C.)

Error from District Court, Rogers County; Frank Ertell, Special Judge.

Action by William Taylor and A. G. Cochran, trustee in bankruptcy, against the Insurance Company of North America. Judgment for plaintiffs, and defendant brings error. Affirmed.

Burwell, Crockett & Johnson, for plaintiff in error.

Dennis H. Wilson, for defendants in error.

Opinion by CLAY, C. Upon a rehearing of this cause the original opinion, with some modifications in the language and reasoning thereof, is adhered to.

This is an appeal from the district court of Rogers county, Okla., wherein A. G. Cochran, trustee in bankruptcy, and William Taylor, were plaintiffs, defendants in error here, and the Insurance Company of North America was defendant, plaintiff in error here, and for convenience they will be referred to as in the court below, plaintiffs and defendant, respectively.

On January 23, 1905, William Taylor filed his petition in said court to recover on a policy of insurance issued by the defendant in the sum of $2,240, covering 560 tons of hay, and alleging that he paid the sum of $120 premium therefor; that a copy of said policy is not attached to the petition, for the reason that the same was in the possession of the defendant; that on the 9th day of October, 1904, said hay was totally destroyed by fire; that due notice was given, and proof of loss made on November 12, 1904. The defendant answered: First, by a general denial; second, by admitting the ownership of the hay, admitting the contract of insurance in the amount and upon the consideration set forth in the petition, but denying the amount and value of the hay; denying plaintiff performed the conditions the contract imposed upon him; alleging a cancellation of the policy and nonliability by reason of such

cancellation, and tendering back the unearned premium paid by plaintiff, and pleading the other conditions of the policy; also alleging that the property was incumbered by a mortgage; denying that notice and proof of loss was made in the time and manner prescribed; and alleging that the time therefor had not been extended, and admitting the possession of the policy. The case was tried to the court. Plaintiffs introduced their evidence and rested. The defendant demurred to the evidence, and the demurrer was overruled. The defendant elected to stand on its demurrer, and thereupon judgment was entered for plaintiffs for the amount sued for.

Defendant's first assignment of error complains of the action of the trial court in admitting, over objection, plaintiffs' purported proof of loss. The objection to the introduction of this evidence was that:

"It is incompetent, irrelevant, and immaterial, not in compliance with the terms of the policy, and not a substantial proof of loss."

This objection was overruled and exception saved, and proof of loss admitted. This proof of loss was in the words and figures following:

"Rec'd 1 Feb. 05. Hardy ss.—A.

"Claremore, I. T., Nov. 12, 1904.

"Philadelphia, Pa.

"The following is a complete list and the value of the property lost and destroyed by fire October 9th, 1904, belonging to William Taylor, Claremore, Indian Territory, and covered by policy number 161 in your company, dated August 17, 1904. Five hundred sixty (560) tons of hay, baled, worth $4.00 per ton baled, and in barn, worth $2240.00. The above hay was insured by your company, and at the time was valued at $4.00 and estimated to contain 560 tons of hay. I hereby demand a settlement of this claim under the policy above named."

This proof of loss was signed and sworn to by the insured. The trial court found the proof of loss to be a substantial compliance with the conditions of the policy, and we think that under the peculiar facts in the case, this holding must be sustained.

The defendant's allegation that the proof of loss did not correspond with the conditions of the policy failed to point out the particulars in which it was not sufficient, and no proof was offered on this subject. The defendant having the policy in its possession, the burden of showing its conditions was upon it. The evidence clearly shows that no objection was made to the proof of loss offered, but that upon seasonable notice of loss the defendant denied all liability upon the ground that the policy was not in force at

the time of the fire because of its prior cancellation. To hold the policy in its possession, claim cancellation, and yet insist upon a strict compliance with its terms upon the part of the insured to furnish proof of loss would be placing an unwarranted burden upon the insured. Mr. Beach in his work on Insurance, vol. 2, sec. 1240, says:

"An insurer who denies liability, claims cancellation, is estopped to object to the want of preliminary proof of loss and cannot retain the policy belonging to the person insured and in case of loss insist that he be governed by the terms thereof as to the proof of loss."

By retaining, without objection, the proof of loss the defendant failed to perform a duty, which it owed to the plaintiff, of notifying him of the defects therein, and thereby will be held to have accepted the proof of loss as sufficient. In the case of Arkansas Insurance Company v. Cox, 21 Okla. 873, 98 Pac. 552, 20 L. R. A. (N. S.) 775, 129 Am. St. Rep. 808, Mr. Justice Hayes says:

"If the proofs of loss * * * were defective, and not in compliance with the policy, and not satisfactory to defendant, defendant should have notified plaintiff of such facts within a reasonable time and pointed out to him the specific defects, in order that plaintiff might remedy the same, and, having failed to do so, the defendant waived its right to have the proofs of loss submitted in the exact form and manner prescribed by the policy. Joyce on Insurance, vol. 4, sec. 3362; Hanover Ins. Co. v. Lewis, 28 Fla. 209, 10 South. 297; 16 Ency. of Law, p. 959."

In the case of Pacific Mutual Insurance Co. v. O'Neil, 36 Okla. 792, 130 Pac. 270, Mr. Justice Sharp says:

"As to the sufficiency of proofs of death, the defendant company by accepting and retaining those furnished, even though they were not in the form required by the terms of the policy, waived any objection thereto. St. Paul F. & M. Ins. Co. v. Mittendorf, 24 Okla. 651, 104 Pac. 354, 28 L. R. A. (N. S.) 651; Arkansas Ins. Co. v. Cox, 21 Okla. 873, 98 Pac. 552, 20 L. R. A. (N. S.) 775, 129 Am. St. Rep. 808; Cooley's Briefs on the Law of Ins. 3544; Bliss on Life Ins. sec. 268."

Defendant in its second assignment of error complains of the action of the trial court in admitting, over objection, evidence tending to prove a waiver of the proof of loss because a waiver was not pleaded. The answer to this is that the court found, not a waiver, but a proof of loss in substantial compliance with the terms of the policy; and, in view of the fact that the defendant must be held to have accepted the proof offered as a full compliance by not objecting to it, we think the court's ruling is correct. In Lone

Creek Bldg. Ass'n v. State Ins. Co., 29 Or. 569, 46 Pac. 366, the court says:

"It is elementary law that the proof must correspond to the allegations, and there is no reason why this rule, found by long experience to be necessary to the orderly administration of justice, should not apply in actions on insurance policies, as in all other cases. It imposes no hardship upon the plaintiff and is but even-handed justice to the defendant. A waiver of a mere defect in a proof of loss as furnished may, however, be shown without pleading it, because an omission to notify the assured of such defect promptly and specifically estops the company from claiming that the proof furnished does not comply with the provisions of the policy, and it is therefore deemed to be due proof of loss and sustains an allegation of performance. But where no attempt whatever is made to comply with the provisions of the policy in that regard, but reliance is had entirely upon a waiver of performance, the waiver must be pleaded before it can be proved."

In fact, the weight of authority supports this doctrine, and very few, if any, cases hold it necessary to plead a waiver of mere defects in the proof of loss. The evidence objected to in this case only tends to show that proof of loss was made. No objection to the nature of the proof, or the particular defect, was ever pointed out by the defendant, but the proof was retained and payment refused upon the ground of cancellation of the policy. In Zielke v. London Ins. Corp., 64 Wis. 442, 25 N. W. 436, it is said:

"We do not understand that such evidence tended merely to prove a complete waiver of any proofs of loss, but rather to prove the making of the proofs of loss required by the policy, in such manner and form as required by the company at the time, as a compliance with the condition of the policy in that respect, and if it showed any waiver, it was as to the mere form of the written proofs and their authentication."

Also see Ency. Evidence, vol. 7, p. 569; Arkansas Ins. Co. v. Cox, supra; Titus v. Glenn Falls Ins. Co., 81 N. Y. 410; First Nat. Bank v. Am. Ins. Co., 58 Minn. 492, 60 N. W. 345. In Home Insurance Company v. Ballard, 32 Okla. 723, 124 Pac. 316, the court holds:

"As to the defense of plaintiff's failure to make proof of loss and to cause appraisement to be made, the record shows that he made proof of loss, sent same to the company, and that the company refused payment, * * * refused to adjust same, and denied any liability whatever therefor. Under this state of facts plaintiff should not be denied his remedy at law."

When a plaintiff makes out a prima facie case, the burden is upon the defendant to

prove the breach of the conditions relied upon. 19 Ency. 936.

The authorities cited by plaintiff in error to the effect that waiver, or estoppel, when relied upon by the insured to excuse a failure to perform conditions precedent, such as giving notice or making preliminary proofs of loss, must be pleaded by plaintiff, are in accord with the weight of authority, where the code pleading prevails. What we hold is that when, under allegations of performance, defective proofs are furnished, and evidence offered that such proofs were retained by the company without objection or pointing out the defects therein, and upon seasonable notice of loss liability is denied upon other grounds than the failure to make proof of loss, the admission of such testimony, over the objection of the defendant that waiver was not pleaded, is not error. Ins. Co. v. Dierks, 43 Neb. 473, 61 N. W. 740.

Defendant's third, fourth, and fifth assignments of error will be treated together, as they involve the same questions. The errors complained of in these assignments of errors are: That the court, over defendant's objection, permitted the testimony of J. Len Comer, given upon a former trial, to be read in evidence, and permitted counsel for plaintiff to testify that he had heard the witness testify in the former trial, and that the testimony was read in the same language as given by said witness in the former trial, and that the cross-examination of said witness did not materially change the facts as proven by his testimony in chief. This cause was tried to the court without the intervention of a jury, and judgment rendered upon demurrer to the evidence, the defendant having elected to stand upon the demurrer. Thereafter the judge filed his conclusions of fact and law, which have the effect of a general verdict. Before a cause will be reversed for the admission of incompetent evidence, where it is tried to the court and conclusions of fact and law filed, which are brought up in the record, it must appear to this court that the trial judge relied upon such incompetent evidence in reaching his conclusions; and, in determining what, if any, weight was given to such evidence, the conclusions of fact and law will be examined. If, by excluding such testimony, there still remains sufficient evidence to sustain the judgment, the cause will not be reversed on account of the admission of such testimony. Especially is this true where, by demurrer to the evidence, the defendant has admitted the truth of the competent evidence in the record. In this cause it is apparent that the trial judge's conclu-

sions would have been the same had the testimony complained of been excluded, as the testimony of the insured, William Taylor, was admitted to be true by the demurrer, and the evidence complained of was not materially different from that of the insured. In the case of Kennedy v. Pawnee Trust Co., 34 Okla. 140, 126 Pac. 549, Mr. Justice Sharp says:

"The court will not reverse for the admission of incompetent evidence, unless it appears" the trial court "relied upon such incompetent evidence." Funk v. Hendricks, 24 Okla. 837 [105 Pac. 352]; Mullen v. Thaxton [24 Okla. 643] 104 Pac. 359.

Defendant presents, under its sixth assignment of error, the alleged error of the court in permitting the witness Godfry, president of the First National Bank, to testify that said bank had no mortgage on the hay insured. This could not have been prejudicial error, under the ruling announced in the foregoing paragraph, as the trial court found from the evidence that the hay described in the policy was at no time covered by the mortgage in question, and was neither an addition nor increase to that mentioned in the mortgage. Again, this testimony, having been elicited on the part of the defendant by its cross-examination, was in effect withdrawn in so far as it was prejudicial to plaintiffs, by its demurrer. Clement, Fire Ins. Co., vol. 3, p. 194; Hartford v. Landfare, 63 Neb. 559, 88 N. W. 779; Great Western v. Sparks, 38 Okla. 395, 132 Pac. 1092, 49 L. R. A. (N. S.) 724; Western Reciprocal Underwriters v. Coon, 38 Okla. 453, 134 Pac. 22.

Defendant urges that error was committed by the trial court in admitting, over its objection, plaintiffs' Exhibit B, the same being a letter dated November 16, 1904, addressed to Wm. T. Taylor, Claremore, and signed by defendant's vice president, E. S. Elliott, which reads as follows:

"Your favor of the 12th inst. in reference to loss under policy 161, has been forwarded by us to our general agent for the western states, J. F. Downing, of Erie, Penna., for his kind attention."

The facts and circumstances, Taylor's testimony that he had mailed proof of loss to defendant, the proof offered in evidence, having been sworn to November 12, 1904, and having been in defendant's possession, as shown by the notation on same, the testimony of the insured that it was from the company, the date of the exhibit, and its contents, all support the reasonable conclusion that it was the company's letter in answer to Taylor's of the 12th day of Novem-

ber, forwarding proof of loss. We are of the opinion that the court properly overruled defendant's objection to the evidence. Greenleaf on Evid. (16th Ed.) sec. 575c; Norwegian Plow Co. v. Munger, 52 Kan. 371, 35 Pac. 11; Bloom v. State Ins. Co., 94 Iowa, 359, 62 N. W. 810.

Defendant's eighth assignment is treated under four subdivisions, viz.: (1) That proof of loss was not furnished in time; (2) that the policy was canceled prior to the fire; (3) that the propery insured was mortgaged; (4) that there was no evidence to show that the trustee was authorized to intervene.

Propositions 1 and 3 have already been disposed of. No. 2, that the policy had been canceled, cannot be maintained, for the reason that Mr. Justice Williams, on a former appeal of this case, settled this question against defendant after an exhaustive research of authorities. Taylor v. Ins. Co. of North Am., 25 Okla. 92, 105 Pac. 354, 138 Am. St. Rep. 906.

The evidence in this case is substantially the same as on the former appeal, and that decision is the law of this case and binding on this court.

Proposition No. 4 having been settled by the trial court, and no objections and exceptions having been taken and preserved in the record, it comes too late when raised for the first time in the Supreme Court. Section 4995, H. D. Code; Anderson v. Ferguson, 12 Okla. 307, 71 Pac. 225.

We have examined the evidence and conclusions of the trial court, have considered in detail the defendant's assignments of error, and we find no error for which this cause should be reversed, and we therefore recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.