## AMERICAN INS. CO. v. OTT.

No. 14490—Opinion Filed Jan. 15, 1924.

Rehearing Denied Feb. 19, 1924.

(Syllabus.)

1. **Insurance—Proof of Loss as Condition of Liability.**

Where an insurance policy requires the assured to furnish the insurer written proof of loss within 60 days from the date of the loss, the assured cannot recover on said policy for a loss sustained thereunder until after proof of loss has been furnished, or the same has been waived.

2. **Same—Compliance with Policy—Automobile Theft Insurance.**

Where an automobile is insured against theft, and where the terms of the policy require the assured, within 60 days from the date of loss, to render a statement to the company, signed and sworn to by said assured, stating the knowledge and belief of the assured as to the time and cause of loss and the interest of the assured and all others in said property; and where the automobile is stolen, and the assured immediately notifies the insurance company through its local agent, who issued said policy; and where the assured called at the office of said agent on the following morning, and in conjunction with said agent filled out a form of loss provided for by said insurance company for that purpose, which showed the date of the loss, the policy number and its amount, the name of the assured and the description of the automobile, including the name of the maker, and that the car had been stolen and was a complete loss, and its location when stolen; and where said company acknowledges receipt of same, and it is retained by the company without objection to its form or substance until after the 60 days provided for in the policy has expired; and where said company immediately after receiving said proof of loss sends its adjuster to investigate said loss, held, such action by the company constitutes an acceptance thereof as a sufficient compliance with the provisions of the policy relating to proof of loss, and that the company waived all defects therein.

3. **Same—Sufficiency of Instructions.**

Instructions examined, and held, that there was no error in the giving thereof, and the issues were fairly submitted to the jury, and no prejudicial error resulted therefrom.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by W. F. Ott against the American Insurance Company, a corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

Dan Huett, for plaintiff in error.

W. H. Hills and McKeever & Moore, for defendant in error.

MASON, J. This cause of action was commenced in the district court of Garfield county by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, to recover $2,500 alleged to have been due under the terms and conditions of an automobile theft insurance policy.

It appears that on December 24, 1920, the defendant issued to plaintiff an automobile theft insurance policy on a Stephens automobile in the sum of $2,500, and the car was stolen on September 30, 1921, during the life of the policy. The plaintiff recovered judgment for the amount sued for, and the defendant appeals.

Plaintiff in error bases its position upon the failure of the insured to furnish sworn proof of loss. The policy contained the usual clause requiring the insured to give the company notice of loss within 15 days and to furnish sworn proof of loss within 60 days after the loss.

It is well settled by the decisions of this court that the plaintiff cannot recover on an insurance policy containing such provision until after proof of loss has been furnished or the same has been waived. Hartford Fire Ins. Co. v. Sullivan, 74 Oklahoma, 179 Pac. 24; St. Paul Fire & Marine Ins. Co. v. Mittendorf, 24 Okla. 651, 104 Pac. 354; Gray v. Reliable Ins. Co., 26 Okla. 592, 110 Pac. 728; Nance v. Okla. Fire Ins. Co., 31 Okla. 208, 120 Pac. 948.

No contention is made that formal proof of loss, as required by the terms of the policy, was furnished, although the plaintiff alleged in his petition; which allegation is supported by the evidence, "that he duly performed all the conditions as provided in said contract of insurance by serving due notice upon the agent of the company, to wit, Mr. E. R. Lee, the agent, who issued the policy, notifying said company through its agents of the theft of said car, giving the number of the policy, the value of the car, the time and place it was stolen, the engine and motor number, the name of the assured, and all the information of any kind and character in the possession of the assured."

The first six assignments of error are directed toward these allegations and the evidence in support thereof; plaintiff in error contending that no proof of loss was furnished by the plaintiff as required by the policy of insurance, which provides as follows:

"In the event of loss or damage the assured shall within 15 days give notice thereof in writing to this company, and shall protect the property from further loss or damage; and within 60 days from the date of the loss, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said assured, stating the knowledge and belief of the assured as to the time and cause of the loss or damage, the interest of the assured and all others in the property."

"It is a condition of this policy that failure on the part of the assured to render such sworn statement of loss to the company within 60 days from date of the loss (unless such time is extended in writing by the company) shall forfeit all claim for loss or damage."

The evidence in the case is substantially as follows: That the policy of insurance was executed and delivered on December 24, 1920, covering a four-passenger Stephens automobile of the plaintiff, which had been purchased by him a short time before for $2,645; that he paid a premium of $47.50 to said company; that on the 30th day of September, 1921, the plaintiff drove the car to a circus in Enid, Okla., and left it parked outside, and that it was stolen; that he discovered the loss about 4:30 in the afternoon and he immediately notified the sheriff and chief of police, and the same evening notified the agent of the defendant company who executed the policy; and that at the solicitation of said agent he went to the agent's office on the following morning and delivered the policy to the agent for his examination and furnished such other information as he had relative to the said loss, which was forwarded to the defendant company by said agent. Said information was furnished on a blank form provided by the company and showed the date of the loss, the policy number, and its amount, the name of the assured, and the description of the automobile, including the name of the maker, and that the car had been stolen and was a complete loss, and the location of the car when it was stolen.

The defendant company, through its manager of the loss department, acknowledged the receipt of said notice of loss, and without making demand for further proof of loss, stated that the matter had been referred to the Southwestern Adjustment Bureau for investigation; that later an agent of said bureau went to Enid, Okla., and made an investigation relative to said loss and notified the defendant company herein to make no settlement until after further investigation.

The record further discloses that no objection was made to the plaintiff's failure to file the formal proof of loss provided for in the policy until after the 60 days provided for therein, and until after the filing of this cause. The evidence also discloses that the plaintiff made repeated inquiries of the agent of the company, who issued the policy, as to whether any other duties were required of him in connection with said loss, and he was informed by said agent that he had done all that was required by the policy.

The proof of loss provided for in the policy is required solely for the benefit and information of the insurance company, and where, as in the instant case, notice is given immediately to the agent of said company who issued the policy, and on the following day written notice containing all the information relative to the ownership, description and loss of said car, is made out and delivered to said company, and the company acknowledges receipt of the same and makes no objection to the form of the same, though not in form and detail as directed by the policy, and the same is retained by the company without objection until the filing of the cause of action thereon by the assured several months thereafter, it must be presumed that the company

was satisfied with such proof, supplemented by its own investigation made by its adjuster within 30 days of the loss.

. Kerr on Insurance, sec. 194, announces the following rule:

"The law requires of the insurer entire good faith and fair dealing in its transactions with the insured, and hence the insurer is bound to promptly advise the insured of any defects of a formal character in the proofs or notice furnished in season, to the end that the assured may have an opportunity to correct them. * * * An insured has the right to assume, until advised to the contrary, that the proofs of loss served by him were sufficient."

Elliott on Insurance, sec. 311, states as follows:

"The law is settled that where the assured, in attempting in good faith to comply with the terms of the policy, furnishes to the insurance company within the time stipulated what purports and is intended to be proofs of loss, the company must point out particularly any defects therein if it intends to rely upon them."

And Joyce on Insurance, sec. 3362, states as follows:

"If notice and proofs of loss are given to the insurers which they consider in any way defective, good faith requires that they should notify the insured of such fact within a reasonable time."

We must conclude, therefore, that the plaintiff complied substantially with the terms of the policy, and that the proof of loss was sufficient, inasmuch as no objection was made thereto by the company.

In Ins. Co. of North America v. Cochran. 59 Okla. 20, 159 Pac. 247, this court held:

"Where the petition alleges the making of proper proof of loss and the evidence discloses that proof of loss, though defective, was accepted and retained by the company and no complaint made of the defects or notice given the insured, held, such defects waived, and further proof unnecessary." See, also, Continental Ins. Co. v. Norman, 71 Oklahoma, 176 Pac. 211: Arkansas Ins. Co. v. Cox. 21 Okla. 873. 98 Pac. 552; White v. Safe Guard Ins. Co. of New York, decided Safe Guard Ins. Co. of New York, 94 Okla. 178, 221 Pac. 57.

Plaintiff in error next contends that the court erred in not making a brief statement of the issues involved in the instructions given to the jury. This objection is not well taken. The court quoted at great length from the pleadings in the case, and although the statement might have been more concise, yet we are of the opinion it fairly stated the issues to the jury. and

that the defendant was not prejudiced thereby.

Plaintiff in error next complains of the giving of certain instructions by the court and the refusal of the court to give certain instructions requested by the defendant. We have carefully examined these instructions, together with all the instructions given by the court, and conclude that those given fairly state the law applicable to the issues and facts herein, and that there was no prejudicial error in the refusal of the court to give the requested instructions of the defendant, nor in the giving of the instructions complained of.

Plaintiff in error next complains of the action of the trial court in admitting in evidence, over the objection of the defendant, a blank form of loss as used by the agent of the company in making the report of loss for the plaintiff herein.

The evidence discloses that the original notice was retained by the company and we think the exhibit complained of was admissible, as it tended to show. in connection with other evidence, whether or not the plaintiff had made a substantial compliance with the terms of the policy with reference to proof of loss.

For the reasons stated, the judgment of the trial court is affirmed.

JOHNSON. C. J., and KENNAMER. COCHRAN, BRANSON, and HARRISON. JJ., concur.