8   427
11   29
12   184

MUTUAL HAIL INSURANCE CO. OF WISCONSIN, PLAINTIFF IN ERROR, v. CHARLES H. WILDE, DEFENDANT IN ERROR.

1. **Insurance:** DAMAGES: MODE OF ASSESSMENT: INSTRUCTION. The contract of insurance provided that in case of damage to the property insured the amount thereof should be ascertained by three appraisers, to be appointed by the agent of the company; and "in case the appraisement should be less than a twenty-fifth part" (of the value of the crop) "no claim shall be made by the insured upon the company, and the insured has to pay the expenses of such an appraisement." And it was further agreed that on demand of the agent managing the assessment the necessary costs should be deposited by the insured before the assessment should be made. There was testimony to the effect that security for the costs of an assessment was duly demanded, which the insured refused to give. Thereupon the insurance company requested the court to charge the jury in effect, that if they found such security was demanded the plaintiff must prove that he gave it in order to recover. *Held*, that the instruction, as requested, was right and ought to have been given.

2. ———. Under the above provision as to damages the plaintiff in error requested an instruction that: "If the damage by the hail did not *exceed* one twenty-fifth part of the whole crop," the company was not liable. *Held*, erroneous, and that it was properly refused.

3. ———: INSTRUCTION TENDING TO CONFUSE OR MISLEAD THE JURY, ERRONEOUS. An instruction which is so vague and uncertain that it must tend to confuse or mislead the jury is good ground for the reversal of a judgment.

4. ———: ———. An instruction which erroneously assumes that there is no evidence before the jury upon a material branch of the case ought not to be given. If there be sufficient evidence to support an affirmative finding upon an alleged cause of action, it must be left to the decision of the jury.

ERROR from the district court of Cuming county. The facts are sufficiently stated in the opinion.

*Crawford & McLaughlin*, for plaintiff in error.

*Uriah Bruner and R. F. Stevenson*, for defendant in error.

LAKE, J.

The action below was brought on a policy of insurance issued by the plaintiff in error to the defendant in error to recover damages alleged to have resulted from a partial destruction of certain growing crops, covered by said policy, by a hail storm. There was also a second cause of action by which the small sum of four dollars was claimed for the use of a team, etc., in conveying certain persons who were acting as appraisers for the company from place to place in Cuming and Dodge counties. The trial on issues joined resulted in favor of the plaintiff in the action, and the defendant brings the case here by petition in error for the review of several questions decided adversely to him there.

Under the rule of this court as to the particularity required in motions for new trials, in order to lay a foundation for reviewing decisions on the admission or rejection of evidence, several questions raised by the petition in error cannot be considered, and we are confined to a review of certain instructions given to the jury and to others which were refused, of which errors are alleged.

It appears that by this contract of insurance the mode of ascertaining the amount of damage to the crop insured was by an appraisement to be made by three appraisers, to be appointed by an agent of the company. And it was further agreed, that "in case the appraisement should be less than a twenty-fifth part" (of the value of the crop) "no claim shall be made by the insured upon the company, and the insured has to pay the expenses of such an appraisal." It was fur-

ther stipulated, that " on demand of the agent managing the assessment the amount of costs arising from these assessments shall be deposited by the insured individual demanding the assessment before the assessment is accomplished."

As applicable to these particular provisions of the contract it is shown by the record that shortly after the alleged injury one Aug. Weiss, an agent of the company, visited the premises with the view of ascertaining the amount of the loss.

He testifies, that in an interview which he then had with the defendant in error, he said to him that he "had examined the patch on which he claimed damages," and that he "could not discover any damage done by hail." This witness further testifies to the effect that he informed the insured that while he was of the opinion no damage had been done for which the company was liable, still if he would give security for the expenses he could "have the loss adjusted by appraisers;" that to this proposition Wilde replied he "would not do this," but "would rather let it go." The testimony of this witness, except as to the last clause, is entirely uncontradicted.

In view of this evidence this instruction to the jury was requested on behalf of the company: "If you find that the defendant, by its agent, demanded deposit of fees and costs of appraisers, or demanded security therefor before it would order appraisers, then it devolves upon plaintiff to prove that he gave such security, or advanced the fees in order to recover." As requested this was refused, but was given with this proviso added by the court: "*Provided,* that the damage, if any shown, did not exceed one twenty-fifth part of the whole amount of crops insured."

We are of the opinion that there was error both in the refusal to give the instruction in the form requested,

and in giving it with the proviso. The court seems to
have been misled by the fact that the insured was
ultimately liable for the expenses of the appraisement
only in the event of its showing the damage or loss
sustained to be less than one twenty-fifth of the entire
crop. But this fact has no bearing whatever upon
the right of the company to the security, if the agent
sees fit to demand it as a condition precedent to the
appraisement. Before the extent of the damage can
be known, where it is disputed, and, consequently,
whether the insured will finally have these expenses
to bear, an appraisement must be made, the cost of
which falls primarily on the company, whatever the
extent of the loss may prove to be. And this provis-
ion for security was evidently made in view of the
possible contingency by which the company might be
entitled to look to the insured for remuneration for
this outlay. The plaintiff in error was entitled under
the evidence to the instruction as requested, and it
ought to have been given.

The plaintiff in error also requested the court to in-
struct the jury, that: "If the damage by the hail did
not exceed one twenty-fifth part of the whole crop on
which damage is claimed, then he cannot recover on
his first cause of action—that is, more than one twenty-
fifth part of the damaged crops must be a total loss
before he can recover." This request was rightly re-
fused. As before shown, the provision in the policy
was, that in case " *less than a twenty-fifth part* " was de-
stroyed, no claim should be made upon the company.
Therefore in order to recover he was only required to
show, so far as concerned the extent of the loss, that
it reached one twenty-fifth part, or four per cent of the
value of the crop damaged. Other instructions of
substantially the same import were requested, and
properly refused, but still we find that, in the charge

of the court on its own motion, the error thus avoided was actually fallen' into, but no exception appears to have been taken.

One of the instructions complained of, and now assigned for error, was as follows: "Were the damages one-eighth, one-half, one-third, or what part, or fraction, or part of the whole amount of crops insured and covered by policy in question were damaged? And when you have determined the fraction of damage, then you are to rate wheat at $12.00 per acre and oats at $9.00 per acre."

What the object of this instruction was, taking it altogether, we do not know. Considered alone, the first clause may have been intended as a suggestion to the jury of the proper mode of inquiry as to the percentage of damage done to the crops. And, inasmuch as it seemed to be conceded that there was some damage, such suggestion would have been proper enough. But when taken in connection with what follows, and viewed with reference to the pleadings and the evidence, it seems to be incomprehensible. Nor is there anything in any other of the instructions that tends to relieve this one of its obscurity. There is nowhere to be found any explanation to the jury of this language, as to what was to be gained by this rating, or how it would aid them in making up their verdict. We think this instruction was well calculated to confuse and mislead the jury, and being so, is good ground for reversing the judgment. *Washington Insurance Co. v. Merchant and Manufacturers' Insurance Co.*, 5 Ohio State, 450.

Another error assigned is the refusal of the court to instruct as requested upon the second cause of action. This instruction was properly refused. It assumed that there was no evidence before the jury from which they would be warranted in finding the company lia-

ble for the services in question. While there may not have been sufficient evidence of an employment by the company, there was abundant proof of the recognition of those services by an agent of the company as well as an agreement to pay for them. The rule is that where there is sufficient evidence to support an affirmative finding upon an alleged cause of action, it must be left to the decision of the jury.

For the errors mentioned the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.