## GRAY v. RELIABLE INS. CO.

No. 565. Opinion Filed July 12, 1910.

(110 Pac. 728.)

1. **INSURANCE—Notice of Loss—Conditions Precedent—Petition—Demurrer.** A policy, providing that in case of loss the insured shall mail written notice to the home office at Oklahoma City within 48 hours after the hail occurred; that the company's adjuster, after receiving such notice, shall make an estimate of such loss, and shall send his written estimate of the same to the home office and mail or deliver a copy to the insured; that, if the insured be not satisfied with such estimate, the amount of the loss may be ascertained by three competent appraisers, the assured and insurer each selecting one and the two so chosen selecting a third, and the finding of either two of them to be binding as to the amount of the loss; that, if within 20 days after such loss the insured has not received a

copy of the estimate of the adjuster, then the insured shall, within 2 days after the expiration of the said 20 days, proceed in the same manner provided, in case he is not satisfied with the estimate of the company's adjuster, to have the amount of the loss determined by three competent appraisers; that suit may not be maintained unless notice of such loss is given and the amount thereof thus ascertained. It is further provided that in any event if the insured failed to send to the home office the amount of his premium note, etc., by registered mail, or if the amount of the said premium note be not so mailed, within 2 days after the expiration of the said 20 days, then the company shall not be liable to the assured for any amount. **Held,** that a petition which sets out the policy, but contains no allegation of the giving of the notice or of any facts excusing a failure to give one, is demurrable as not stating a cause of action.

2. **INSURANCE—Notice—Constitutional Law.** Section 9 of article 23 of the Constitution prevents the abridging of the time within which rights under the law may be enforced and the requiring by contract of any notice as a condition precedent to the maintaining of an action for a breach of duty imposed by law.

(Syllabus by the Court.)

*Error from Oklahoma County Court; Sam Hooker, Judge.*

Action by A. Gray against the Reliable Insurance Company. Judgment for defendant, and plaintiff brings error. Affirmed.

*Welty & Price,* for plaintiff in error.

*E. D. Guffy* and *Parker & Simons,* for defendant in error.— Citing: *Ins. Co. v. Wilde* (Neb.) 1 N. W. 385; *Auche v. Ins. Co.* (La.) 10 Fed. 347; *Kersey v. Ins. Co.* (Mich.) 97 N. W. 57; *Fowble v. Ins. Co.* (Mo.) 81 S. W. 486; *Perkins v. U. S. Electric Light Co.* (N. Y.) 16 Fed. 513; *Gere v. Ins. Co.* (Iowa) 23 N. W. 173; *Hamilton v. Ins. Co.,* 136 U. S. 242; *Old Saucelito Land, etc., Co. v. Assurance Co.* (Cal.) 5 Pac. 232; *Ins. Co. v. Vallingham* (Ky.) 76 S. W. 22; *Ins. Co. v. Bishop* (Ill.) 39 N. E. 1102; *Adams v. Ins. Co.* (Colo.) 11 Pac. 627; *Gasser v. Sun Fire Office* (Minn.) 44 N. W. 252; *Chippewa Lumber Co. v. Ins. Co.* (Mich.) 44 N. W. 1055; *Ins. Co. v. Lewis* (Fla.) 10 So. 297; *Ins. Co. v. Wolfe* (N. J.) 14 Atl. 561; *Leu v. Ins. Co.* (N. D.)

107 N. W. 59; *Carrol v. Ins. Co.* (Cal.) 13 Pac. 863; *Lamson, etc., Co. v. Ins. Co.* (Mass.) 50 N. E. 943.

WILLIAMS, J.   On the 12th day of September, 1908, plaintiff in error, as plaintiff, commenced his action against the defendant in error as defendant, in the county court of Oklahoma county, declaring on a policy of insurance issued by the defendant on May 8, 1908, whereby it insured the plaintiff against all direct loss or damage by hail upon a certain 40 acres of wheat in Grant county, Okla., not to exceed $10 per acre, provided such loss equaled 5 per cent. of the wheat insured.   A copy of said policy was attached to the petition.   It was also alleged that on a certain date, after the issuance and delivery of said policy, hail fell upon said wheat and damaged it to the extent of 25 per cent., whereby plaintiff was damaged and suffered the loss of $100, payment of which he had demanded of defendant, but which defendant had refused and still failed and refused to pay or any part thereof.   Certain paragraphs contained in said policy are *in haec verba:*

"(5) If the insured be not satisfied with said estimate, then the amount of said loss by hail may be ascertained by three competent appraisers, the insured and this company each selecting one, and the two so chosen selecting the third one; the finding in writing of any two of them to be binding and final as to the amount of such loss, and the insured to pay one-half of the expense of appraisal, and the company the other half; provided, however, that the insured shall first, within two days after receiving said copy of the adjuster's estimate, send to the Oklahoma City office of the company by registered mail, the amount of his premium note (whether the same be then due or not), and a deposit of twenty dollars to be applied toward the payment of that half of the expense of appraisal for which the insured is liable.   If there be any residue of the twenty-dollar deposit after the insured's half of the expense of appraisal has been paid, then, said residue shall be returned.   If the insured fail to send to the Oklahoma City office of the company the amount of his said premium note and the said deposit of twenty dollars by registered mail, or if the amount of said premium note and the said deposit of twenty dol-

lars be not so mailed within two days from the receipt, by the insured, of the said copy of the adjuster's estimate, then, and in either event, the said adjuster's estimate shall, upon approval by the president, or secretary of the company, be and become final and binding on the insured. No relative, creditor, or neighbor, of the insured, nor any person who has sustained a loss by hail this year, or who has any interest in a crop covered hereby, shall be eligible as an appraiser.

"(6) If, within twenty days after the hail, the insured has not received a copy of the estimate of the company's adjuster, then the insured shall, within two days after the expiration of said twenty days, proceed as herein provided for cases in which the insured is not satisfied with the estimate of the company's adjuster; and with a view to having the amount of the loss determined by three competent appraisers chosen in the manner set out in paragraph 5. If in such event the insured fail to send to the Oklahoma City office of the company the amount of his premium note and the said deposit of twenty dollars, by registered mail, or of the amount of said premium note and the said deposit be not so mailed within two days from the expiration of said twenty days, then the company shall not be liable to the insured for any amount.".

"(14) It is hereby expressly provided that no suit or action against this company for the recovery of any claim by virtue of this policy, shall be sustainable in any court of law or equity, unless the insured has given notice of loss within the time and in the manner herein required; nor unless the insured has complied with all other requirements of this policy; nor until sixty days after the award of appraisers has been rendered, if appraisal has been required; nor unless such suit or action shall be commenced within six months next after the alleged hail occurred."

Defendant demurred to plaintiff's petition on the ground that it did not state facts sufficient to constitute a cause of action, in that it did not aver or state facts showing that plaintiff had complied with the terms of paragraphs 5 and 6 of said policy, nor had the amount of the loss thereunder been ascertained in the manner therein provided. The said demurrer being sustained, the plaintiff, electing to stand upon said petition, declined to plead further. Judgment was rendered in favor of the defendant. Proper

exceptions being saved and an appeal prosecuted to this court, such question is properly here for review.

It is insisted by counsel for the plaintiff in error that paragraphs 5 and 6 of said policy are void in that they are in violation of the express statute and contrary to public policy; specific reference being made to sections 814, 815, 818, Wilson's Rev. & Ann. St. 1903 (sections 1124, 1125, 1128, Comp. Laws Okla. 1909). Sections 814, 815, 818, *supra,* are the same, respectively, as sections 3921, 3922, and 3925 of the Revised Code of North Dakota 1899 (sections 5367, 5368 and 5371, Rev. Codes N D. 1905).

In *Leu v. Commercial Mutual Fire Ins. Co.,* 15 N. D. 361, 107 N. W. 60, these identical sections were construed, wherein the court said:

"The defendant contends that the complaint is defective because it does not allege that the amount of the loss has been determined either by agreement or appraisement, or allege any facts showing that the stipulated method of ascertaining the amount of loss had been waived or otherwise rendered unnecessary as a condition precedent to the right to sue. Plaintiff questions the validity of the provisions of the policy with respect to the method of determining the amount of the loss, and contends that, even if the provisions are valid, they are merely of that class of condition precedent referred to in section 5286, Rev. Codes 1899, which provides that 'in pleading the performance of conditions precedent in a contract it shall not be necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part.' It is so well settled as to be no longer open to question that stipulations like those above quoted from the policy in suit are valid conditions which do not infringe that elementary rule of law which declares void 'every stipulation or condition in a contract by which any party thereto is restricted from enforcing his rights under the contract by the usual legal proceedings in the ordinary tribunals.' Section 3925, Rev. Codes 1899. This question was elaborately discussed in *Scott v. Avery,* 5 H. L. Cas. 811, and that decision has been uniformly followed both in England and in this country for nearly half a century. The following are a few of the numerous

cases on the subject: *Hamilton v. Insurance Co.*, 136 U. S. 242, 10 Sup. Ct. 945, 34 L. Ed. 419; *Canal Co. v. Coal Co.*, 50- N. Y. 250; *Chapman v. Insurance Co.*, 89 Wis. 572, 62 N. W. 422, 28 L. R. A. 405; *Dock Co. v. Assurance Co.*, 66 Cal. 253, 5 Pac. 232; *Gasser v. Sun Fire Office*, 42 Minn. 315, 44 N. W. 252."

See, also, *St. Paul Fire & Marine Ins. Co. v. Stock Farm Co.*, 23 Okla. 79, 99 Pac. 648, and *Lamson Consolidated Store-Service Co. v. Prudential Fire Ins. Co.*, 171 Mass. 433, 50 N. E. 943.

In *Carroll v. Girard Fire Ins. Co.*, 72 Cal. 297, 13 Pac. 863, "the policy provided that 'no suit or action against this company for the recovery of any claim by virtue of this policy shall be sustainable * * * until an award shall have been obtained fixing the amount of such claim in the manner hereinabove provided.' Held, that a complaint which sets out the policy, but contains no allegation of an award, or of any facts, excusing a failure to obtain one, is demurrable as not stating a cause of action."

In *Chippewa Lumber Co. v. Phenix Ins. Co.*, 80 Mich. 116, 44 N. W. 1055, it is said:

"It is conceded that an agreement to submit all matters in controversy between parties to arbitration is void, and may be repudiated by either party at any time before award is made. Either party to an arbitration may revoke the authority of the arbitrator, and this he may do notwithstanding the agreement to arbitrate is valid. Any person may violate the most solemn contract he has made, but he thereby becomes responsible to the injured party for such violation. So, in the numerous cases cited by plaintiff's counsel, the courts held that those who had violated their contract to arbitrate were liable on their arbitration bonds. But *non constat* that parties may not agree to submit the question of unliquidated damages to arbitration as a condition precedent to bringing suit. Plaintiff and defendant deliberately agreed to this method of ascertaining the damages. It was an expeditious, inexpensive, and proper method, if not a better one than is afforded by a suit. It was certainly as advantageous to one as to the other. They deliberately provided a penalty for failure to comply with this obligation. If plaintiff refused compliance, then he could not bring suit. If defendant refused compliance, then suit could be

brought against it immediately. We hold the agreement reasonable and legal. It is sustained by the clear weight of authority."

See, also, the following authorities: *Gauche et al. v. London & Lancashire Ins. Co.* (C. C.) 4 Woods, 102, 10 Fed. 347; *Perkins v. U. S. Electric Light Co.* (C. C.) 16 Fed. 515; *Mutual Hail Ins. Co. v. Wilde,* 8 Neb. 427, 1 N. W. 384; *Niagara Fire Ins. Co. v. Bishop,* 154 Ill. 9, 39 N. E. 1102, 45 Am. St. Rep. 105; *Fowble v. Phoenix Ins. Co.,* 106 Mo. App. 527, 81 S. W. 485; *Wolff v. Liverpool & L. & G. Ins. Co.,* 50 N. J. Law, 453, 14 Atl. 561; *Adams v. South British & National F. & M. Ins. Co.,* 70 Cal. 198, 11 Pac. 627; *Kersey v. Phoenix Ins. Co.,* 135 Mich. 10, 97 N. W. 57; *Old Sauselito L. & D. D. Co. v. Commercial W. A. Co.,* 66 Cal. 253, 5 Pac. 232; *Davenport v. Insurance Co.,* 10 Daly (N. Y.) 535; *Carroll v. Insurance Co.,* 72 Cal. 297, 13 Pac. 863; *Scott v. Avery,* 8 Welsh, H. & B. 487; *Insurance Co. v. Creighton,* 51 Ga. 95; *U. S. v. Robertson,* 9 Pet. 319, 9 L. Ed. 142; *Lovejoy v. Insurance Co.* (C. C.) 11 Fed. 63.

Section 9 of article 23 of the Constitution of this state provides that "any provisions of any contract or agreement, express or implied stipulating for notice or demand otherwise than as may be provided by law, as a condition precedent to establish any claim, demand or liability, shall be null and void." The obvious intention of this provision was to prevent the abridging of the time within which rights under the law may be enforced, and also to prevent any notice being required after a breach of a duty imposed by law as a condition precedent to maintaining an action therefor.

All parties thereto have agreed that, if the wheat is injured by hail the insured shall mail a written notice by registered letter to the Oklahoma City office of the defendant in error within 48 hours after the injury occurred, giving the date of the loss, description of the land on which it occurred, and the number of the policy. Then the adjuster is to examine the wheat and make his estimate and send such estimate in writing to the home office of the insurer and a copy of the same to the insured. If the insured

is not satisfied with said estimate, then the amount of said loss may be ascertained by three competent appraisers; the insured and the insurer each to select one, etc. If the insurer shall refuse to appoint one of the appraisers, thereby having violated the condition of the policy, suit could be maintained for the recovery of damages for the breach of the insurance contract. If, within 20 days after the injury from the hail, the insurer has not received a copy of the estimate of the company's adjuster, then the insured, within two days after the expiration of said 20 days, may proceed to have the loss acertained by appraisers, and, if the insurer then refuses to appoint an appraiser, the insured's remedy would be action for damages for breach of the insurance contract. These provisions relate to acts that must be performed by the parties thereto, as a part of the contract, and have no relation to the bringing of a suit, but to the ascertainment of the amount of damages or compensation agreed or undertaken to be paid. It is not averred that plaintiff had complied with the terms of said policy or had given the notice of loss in order that the loss could be adjusted and paid. This was essential. *St. Paul Fire & Marine Ins. Co. v. Mountain Park Stock Farm Co., supra.*

The judgment of the lower court is affirmed.

All the Justices concur.