### BELL v. DOBYNS et al.

No. 6546—Opinion Filed June 27, 1916.

Rehearing Denied July 18, 1916.

(158 Pac. 1130.)

**Sales—Performance of Contract—Transfer of Title.**

D. was engaged in the cotton business, and had, prior thereto, sold to B. various lots of cotton, which were shipped in the name of D., with draft attached to the bill of lading for the price thereof. D. notified B. that he had 25 more bales for him, which D. set aside and marked as directed by B. Subsequent thereto, and prior to the coming of B. to Lindsay, where the cotton was, 9 bales of said cotton were destroyed by fire. B. afterwards came to Lindsay, and the 16 remaining bales of said 25 bales of cotton were shipped in the name of D. to the party directed by B., with draft attached to bill of lading, drawn by B. for the purchase price of said 16 bales of cotton. Held, that the marking and setting aside of said 25 bales of cotton did not constitute a delivery of said cotton to B. by D. Further, held, that at the time said 9 bales of cotton were burned, the title thereto had not passed from D. to B.

(Syllabus by Collier, C.)

Error from County Court, Garvin County; W. R. Wallace, Judge.

Action by T. J. Dobyns and others against J. E. Bell. Judgment for plaintiffs, and defendant brings error. Reversed with instructions.

Dorset Carter, L. T. Cook, and Gray & McVay, for plaintiff in error.

Joe B. Thompson, B. W. Patterson, and L. H. Hampton, for defendants in error.

Opinion by COLLIER, C. This controversy arises on the claim that one of the defendants in error, Dobyns, had sold and delivered to Bell nine bales of cotton, which were burned, and which were sold and delivered before said cotton was burned. Plaintiff in error on his side pleaded and contended that he had not purchased the cotton; that it had not been delivered to him; that he had no title to said cotton at the time of its destruction. Hereinafter the parties will be designated as they were in the trial court. The uncontradicted evidence is that Dobyns was engaged in the cotton business; that plaintiff's son lived at Lindsay and acted as his agent in this transaction, and that the defendant resided at Purcell and was engaged in buying cotton; that prior to September 19, 1909, Dobyns, plaintiff's son, acting for plaintiff, had sold various lots of cotton to Bell, and on September 19, 1909, phoned Bell that he had 25 bales more for him, and Bell stated that he would come on the next day, which he did not do; that Bell had instructed Dobyns that all cotton sold to him should be marked for identification with the initials, "A. E. C.," and that on September 20, 1909, plaintiff's son set aside, on the gin platform at Lindsay, 25 bales of cotton, and marked them, "A. E. C.," as per Bell's instructions. On the morning of the 21st, a fire occurred which destroyed nine bales of the 25 bales of cotton. On the 23d day of September Bell came to Lindsay, and had the 16 bales shipped, and paid for same by draft on Alexander-Eccles Company of Dallas, payable to the Farmers' Exchange Bank, but failed to pay for the nine bales which had been destroyed. The remaining 16 bales of cotton were shipped, and, as disclosed by the bill of lading in evidence, given therefor, were shipped in the name of plaintiff, with draft attached for the amount of such cotton; that all cotton previously sold by plaintiff to Bell had been shipped under bill of lading with draft attached for the payment of the price of such cotton; and that Dobyns invoiced to Alexander-Eccles Company all of the 25 bales, including the nine bales burned. There was other evidence in the case, including evidence as to the interest of the plaintiff bank in said cotton, and as to how insurance of said cotton burned would be paid, but which, in the view we take of the case, we deem unnecessary to recite. Upon the conclusion of the evidence for plaintiff, the defendant demurred to the evidence, which was overruled and exception saved. The jury found for the plaintiff in the sum of $576.73. Defendant timely moved for a new trial, which was overruled and exception saved, and judgment entered in accord with the verdict, and this appeal prosecuted to reverse the same.

We are of the opinion that the crucial question involved in this cause is as to whether or not the said nine bales of cotton which were destroyed by fire were sold to defendant. In other words, were the nine bales of cotton, at the time they were destroyed, the property of the plaintiff or the defendant? We are of the opinion that the shipment of the cotton under said bill of lading, with draft attached, clearly indicates

that it was the intention of the parties that the title to all the cotton sold by Dobyns to Bell was not to pass until the cotton was paid for, including the nine. bales destroyed by fire. The mere marking of the 25 bales of cotton with the initials as directed by the defendant did not constitute delivery, and invest the defendant with title to the cotton.

"Whether a sale of personal property is .complete, or only executory, is to be determined from the intention of the parties as gathered from the contract, the situation of the thing sold, and the circumstances surrounding the sale." Lynch v. Merrill et al., 72 W. Va. 514, 78 S. E. 669. 46 L. R. A. (N. S.) 192.

"The general doctrine that the title to goods does not pass to a consignee when delivered to a carrier, if they are shipped with a draft attached to the bill of lading, and the bill of lading is made out in the name of the consignor or his agents, is fully established by the authorities." Hopkins v. Cowen, 90 Md. 152, 44 Atl. 1062, 47 L. R. A. 124; Kentucky Ref. Co. v. Globe Ref. Co., 104 Ky. 559, 47 S. W. 602, 42 L. R. A. 353, 84 Am. St. Rep. 468; Spence v. Norfolk & W. R. Co., 92 Va. 102, 22 S. E. 815 29 L. R. A. 578.

When a draft for the price is drawn on the purchaser with such bill of lading attached, the title does not ordinarily pass to him until the draft is paid. Union Nat. Bank v. Rowan, 23 S. C. 339, 55 Am. Rep. 26. 1 Benjamin, Sales. sec. 567; Porter, Bills of Lading, sec. 482; Dows v. Nat. Exch. Bank, 91 U. S. 618. 23 L. Ed. 214; First Nat. Bank v. Crocker, 111 Mass. 167; Second Nat. Bank v. Cummings, 89 Tenn, 609, 18 S. W. 115, 24 Am. St. Rep. 618; Farmers' & M. Nat. Bank v. Logan, 74 N. Y. 568; Lanfear v. Blossman, 1 La. Ann. 148, 45 Am. Dec. 76; Stollenwerck v. Thatcher, 115 Mass. 224; Erwin v. Harris. 87 Ga. 333. 13 S. E. 513.

"As between the vendor and purchaser, the authorities leave no room for doubt, however, that even if the bill of lading provides for delivery to the consignee, yet, if the consignor draws for the price, attaching the bill of lading to the draft, this is sufficient evidence of his intention to reserve the title and right of possession until the draft is paid, and the consignee is not entitled to the goods until payment." Emery v. Irving Nat. Bank, 25 Ohio St. 360. 18 Am. Rep. 299; Chandler v. Sprague. 5 Metc. (Mass.) 306, 38 Am. Dec. 419; Bank of Rochester v. Jones, 4 N. Y. 497, 55 Am. Dec. 290; Cayuga County Nat. Bank v. Daniels. 47 N. Y. 631; Marine Bank v. Wright, 48 N. Y 1; Halsey v. Warden, 25 Kan. 128; First Nat. Bank v. Dearborn. 115 Mass. 219, 15 Am. Rep. 92.

"That the intention of the shipper, as evidenced by his action in respect to the bill of lading, is controlling is supported by the elaborate opinions in Shepherd v. Harrison, L. R. 4 Q. B. 196, 493 L. R. 5 H. L. 116, 23 Eng. Ruling Cases. 349."

In the present case there is no evidence that it was the intention to pass the title before the cotton was taken over by the personal act of Bell, especially in view of the fact that the uniform practice disclosed by the testimony was that Bell was to come and get the cotton.

The case of Brooks v. Tyner, 38 Okla. 271, 132 Pac. 683, is not in conflict with the views expressed herein.

We are therefore of the opinion that under the evidence in this case, it clearly appears that at the time the said nine bales of cotton were destroyed, the title to same was in Dobyns, and therefore the demurrer to the evidence should have been sustained, and the court committed reversible error in overruling same.

This cause should be reversed, with instructions to the trial court to sustain the demurrer to the evidence and render judgment for the defendant.

By the Court: It is so ordered.