**SHAWNEE FIRE INS. CO. v. BEATY.**

No. 4727—Opinion Filed June 12, 1917.

(166 Pac. 84.)

(Syllabus by the Court.)

**Insurance—Fire Insurance—Action—Policies.**

The conditions in an insurance policy prescribing the time and manner of giving notice of loss, and the method of ascertaining the amount of loss, must be complied with before suit is commenced to recover on the policy; and a demurrer should be sustained to a petition that exhibits the policy containing such conditions, but does not plead that such conditions were complied with or waived before suit was commenced.

Error from District Court, Roger Mills County; G. A. Brown, Judge.

Action by L. A. Beaty against the Shawnee Fire Insurance Company. There was a judgment for plaintiff, and defendant brings error. Reversed.

Mulvane & Gault and D. R. Hite, for plaintiff in error.

BRETT, J. The petition in error in this case was filed January 14, 1913. The brief of the plaintiff in error was filed May 6, 1915, but there has been no brief filed on behalf of defendant in error and no reason or excuse given for the failure to do so. In Taby v. McMurray, 30 Okla. 602, 120 Pac. 664, it is stated that where the defendant in error files no brief and "the brief of the plaintiff in error reasonably appears to support the assignments of error, the court will not search the record to ascertain some possible theory on which the case may be affirmed; but if the assignments of error appear to be reasonably supported by the record, the case will be reversed. Shapleigh Hardware Co. v. Pritchard, 25 Okla. 808, 108 Pac. 360; School District No. 39, Pottawatomie County,

v. Shelton, 26 Okla. 229, 100 Pac. 67, 138 Am. St. Rep. 962; Butler v. Stinson, 26 Okla. 216, 108 Pac. 1103."

This is a suit on a fire insurance policy. The plaintiff in error insured a certain building belonging to the defendant in error, which was subsequently destroyed by fire. The defendant in error sued to recover the amount of the policy, and attached a copy of the policy to his petition, as an exhibit. There were in this policy conditions to the effect that in case of a loss, the insured would notify the insurer immediately in writing of the loss, and within 60 days thereafter render a statement to the company signed and sworn to by the insured, stating his knowledge and belief as to the time and origin of the fire, his interest in the property, the cash value thereof, the amount of loss thereon, the incumbrances thereon, other insurance, together with a copy of the descriptions of any other policies, any change in title, and a certificate of a disinterested justice of the peace or notary public living nearest the place of the fire, that he had examined the circumstances and believed the insured had honestly sustained the loss to the amount said magistrate or notary public should certify.

The plaintiff in error demurred to the petition of the defendant in error, on the ground that the petition did not plead that the defendant in error had complied with the requirements of the conditions in the policy before commencing his action. This demurrer was overruled. Objection was interposed to the introduction of any evidence under the petition, which was also overruled. And judgment upon the trial was rendered for defendant in error. The defendant in error does not plead or attempt to prove that any of the conditions in the policy were waived, and there seems to be a failure upon the part of the defendant in error to plead or prove that they had been complied with before suit was commenced. In Gray v. Reliance Insurance Co., 26 Okla. 592, 110 Pac. 728, Mr. Justice Williams, speaking for the court, says:

"All parties thereto have agreed that, if the wheat is injured by hail the insured shall mail a written notice by registered letter to the Oklahoma City office of the defendant in error within 48 hours after the injury occurred, giving the date of the loss, description of the land on which it occurred, and the number of the policy. Then the adjuster is to examine the wheat and make his estimate and send such estimate in writing to the home office of the insurer and a copy of the same to the insured. If the insured is not satisfied with said estimate, then the amount of said loss may be ascertained by three competent appraisers; the insured and the insurer, each to select one, etc. * * * These provisions relate to acts that must be per-

formed by the parties thereto, as a part of the contract, and have no relation to the bringing of a suit, but to the ,ascertainment of the amount of damages or compensation agreed or undertaken to be paid. It is not averred that plaintiff had complied with the terms of said policy or had given the notice of loss in order that the loss could be adjusted and paid. This was essential. St. Paul Fire & Marine Ins. Co. v. Mountain Park Stock Farm Co., supra [23 Okla. 79, 99 Pac. 647]."

It is therefore apparent in the case at bar that since the defendant in error did not aver that he had complied with conditions of the policy with reference to the notice, estimate of loss, etc., or that same had been waived, the court erred in not sustaining the demurrer to the petition.

The judgment is reversed, and the cause remanded, with directions to sustain the demurrer.

All the Justices concur.