## WHITE v. SAFE GUARD INS. CO.

No. 11729—Opinion Filed Oct. 23, 1923.

Rehearing Denied Dec. 18, 1923.

1. **Insurance—Fire Policy — Compliance— Preliminary Proof of Loss.**

In a case of loss by fire under the form of policy adopted in this state, where the insured promptly notifies the company's agent orally, and the company, acting upon such oral notice, sends an adjuster, who investigates the circumstances of the fire and the extent of the loss, and directs the insured to furnish preliminary proofs of loss, which is done immediately, but not in the formal and detailed manner provided in the policy, and where such proof of loss is thereafter retained by the company without objection to its form or substance until after the 60 days for making same have expired, such action by the company constitutes an acceptance thereof as a sufficient compliance with the provisions of the policy relating to preliminary proofs.

2. **Same—Pleadings — Issues Raised—Sufficiency of Evidence on Demurrer.**

In such a case where plaintiff expressly alleges delivery of preliminary proof and defendant answers this allegation by a general denial only, the issue raised is whether such proof was furnished, and not whether it is sufficient in form and detail, and where the paper which was delivered to the company by the insured is introduced in evidence and purports and was intended to be a proof of loss, such evidence, together with the oral testimony, is sufficient to withstand demurrer based on the formal insufficiency of such proof of loss.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Oklahoma County: Hal Johnson, Assigned Judge.

Action by C. E. White against Safe Guard Insurance Company of New York, a corporation, to recover under a certain fire insurance policy. Defendant's demurrer to the evidence of plaintiff was sustained, and plaintiff brings error. Reversed.

The facts are sufficiently stated in the opinion. The parties will be hereafter referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

George A. Fitzsimmons, for plaintiff in error.

Rittenhouse & Rittenhouse, for defendant in error.

Opinion by LOGSDON, C. Plaintiff's principal contention, and the one which must be decisive on this appeal, is that the trial court erred in sustaining a demurrer to plaintiff's evidence. This ruling by the court was based upon evidence relating to proof of loss under the terms of the policy. The applicable provisions of the policy sued on read as follows:

"If fire occur the insured shall give immediate notice of any loss thereby in writing to this company, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the same, stating the quantity and cost of each article and the amount claimed thereon; and, within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property; the cash value of each item thereof and the amount of loss thereon; all incumbrances thereon; all other insurance, whether valid or not, covering any of said property; and a copy of all the descriptions and schedules in all policies; any changes in the title, use, occupation, location, possession, or exposures of said property since the issuing of this policy; by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of fire; and shall furnish, if required, verified plans and specifications of any building, fixtures, or machinery destroyed or damaged; and shall also, if required, furnish a certificate of the magistrate or notary public (not interested in the claim as a creditor or otherwise, nor related to the insured) living nearest the place of fire, stating that he has examined the circumstances and believes the insured has honestly sustained loss to the amount that such magistrate or notary public shall certify. This company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required. No suit or action on this policy, for the recovery of any claim, shall be sustained in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

Plaintiff pleaded that he furnished proof of loss two days after the fire. Defendant by its answer tendered no issue as to the sufficiency of this compliance, but as to

this allegation of plaintiff it entered a general denial. Defendant pleaded several special defenses, but none of them were directed to the above allegation. Plaintiff's reply was directed to these special defenses.

This condition of the pleadings and this presentation of the issues joined will be pertinent in considering the testimony shown in the record in its relation to the principal ground of error presented.

Plaintiff's testimony established, or tended to establish, the following facts: That the policy of insurance was executed and delivered April 14, 1919, covering certain household goods and wearing apparel located at 1104 East avenue, Oklahoma City; that a fire occurred at this place June 22, 1919, resulting in damage and loss of the goods covered by the policy; that notice of the fire and loss was given to the agent of the defendant, not in writing as required by the above provisions, but orally; that defendant at once sent an adjuster to investigate the fire and view the loss; that this adjuster directed plaintiff to make out proof of loss; that an instrument bearing a heading "Proof of Loss" was thereafter made out by plaintiff and delivered to defendant's agent June 24, 1919; and by him turned over to Bates Adjustment Co., the adjuster who had previously investigated the fire and loss; that the Bates Adjustment Company, after receiving this instrument from defendant's agent, never advised plaintiff of its insufficiency as a proof of loss, nor requested him to make any other different or additional proof; this instrument was retained by the Bates Adjustment Company, until October 16, 1919, when it was returned to plaintiff with a denial of liability. This action was commenced December 31, 1919. At the close of plaintiff's evidence defendant demurred thereto, the demurrer being in the following language:

"Comes now the defendant and demurs to the evidence of the plaintiff and files herein demurrer to such evidence, and specifically demurs on the ground the evidence discloses that the plaintiff has not complied with the terms of the policy in respect to submitting proof of loss."

This demurrer was sustained by the court.

Defendant's contention upon the demurrer was and is that the proof of loss prepared and delivered to defendant by plaintiff was insufficient in form and detail to constitute proof of loss. This issue was not raised by the general denial. Plaintiff had pleaded:

"That on or about the 24th day of June, 1919, this plaintiff furnished the defendant with proof of said loss and interest, and otherwise performed all the conditions of said policy on his part."

The phrase "and otherwise performed all the conditions of said policy" refers to conditions antedating the loss and which might affect the validity of the contract. The subsequent condition relating to notice and proof of loss could not affect the validity of the contract, liability thereunder being already fixed or excused at the time of the fire, but it merely affected the remedy and determined the right to sue. By the general denial defendant said simply as to this particular allegation, that plaintiff had not submitted proof of loss. Under the record here presented it must be presumed, for the purpose of the demurrer, that the facts are as shown by plaintiff's testimony, strengthened by all inferences to be reasonably drawn therefrom. The notice and proof of loss are not a part of the contract. They are required after loss has occurred solely for the benefit and information of the insurance company. Where, as here, notice is given immediately, though orally, and the company acts thereon by investigation on the day succeeding the fire; and where, as here, the agent of the company making the investigation directs insured to make and deliver proof of loss, which is done the second day after the fire, though not in form and detail as directed by the policy; and where, as here, such proof so submitted is retained by the company for a period of three months and 22 days without objection to its form or to the sufficiency of the information therein contained, it must be presumed that the company was satisfied with such proof, supplemented by its own investigation.

"The law requires of the insurer entire good faith and fair dealing in its transactions with the insured, and hence the insurer is bound to promptly advise the insured of any defects of a formal character in the proofs or notice furnished in season, to the end that the assured may have an opportunity to correct them. * * * An insured has the right to assume, until advised to the contrary, that the proofs of loss served by him were sufficient." Kerr on Insurance, section 194.

"The law is settled that where the assured, in attempting in good faith to comply with the terms of the policy, furnished to the insurance company within the time stipulated what purports and is intended to be proofs of loss, the company must point out particularly any defects therein if it

intends to rely on them." Elliott on Insurance, section 311.

"If notice and proofs of loss are given to the insurers which they consider in any way defective, good faith requires that they should notify the insured of such fact within a reasonable time." Joyce on Insurance, section 2362.

This court has adopted the principle of the above authorities and consistently adhered to it in the following cases: Arkansas Insurance Company Co. v. Cox, 21 Okla. 873, 98 Pac. 552; St. Paul Fire & Marine Ins. Co. v. Mittendorf, 24 Okla. 651, 104 Pac. 354; St. Paul Fire & Marine Ins. Co. v. Griffin, 33 Okla. 178, 124 Pac. 300; Insurance Co. of North America v. Cochran, 59 Okla. 200, 159 Pac. 247; State Mutual Ins. Co. v. Green, 62 Okla. 214, 166 Pac. 105; Continental Ins. Co. v. Norman, 71 Oklahoma, 176 Pac. 211.

It is further contended by defendant that no waiver or estoppel was pleaded. This is true. Neither were they relied on, but on the contrary plaintiff relied on the sufficiency of his proof of loss furnished to defendant two days after the fire. Waiver or estoppel were neither involved because there had been no default by plaintiff in this respect. If what he furnished as proof of loss was defective or insufficient defendant accepted and retained it without objection until the 60 days expired, and it was thereafter precluded from denying its own acceptance thereof. It is only in case of default in furnishing proof, or default in meeting requirements after notice of defects in the proof furnished, that waiver or estoppel becomes a staff of support.

This distinction is further illustrated by an exhibition of the authorities cited and relied upon by defendant to support its demurrer to the evidence. In Gray v. Reliable Ins. Co., 26 Okla. 592, 110 Pac. 728, and Shawnee Fire Ins. Co. v Beaty, 64 Okla. 61, 166 Pac. 84, the petition exhibited the policy, as in this case, but did not plead that notice and proof of loss were given, and pleaded neither waiver nor estoppel. In each case a demurrer to the petition was sustained. In Nance v. Oklahoma Fire Ins. Co., 31 Okla. 208, 120 Pac. 948, no proof of loss was made prior to bringing the action, and no waiver or estoppel was pleaded. As waiver or estoppel could not be proved in the absence of allegations, and as no preliminary proof of loss was submitted, the action was held to be prematurely brought. In Palatine Ins. Co. v. Lynn, 42 Okla. 486, 141 Pac. 1167, furnishing of proof of loss was pleaded, but no testimony was offered to support this

allegation, and demurrer to the evidence was sustained. In North British & Mercantile Ins. Co. v. Lucky Strike Oil & Gas Co., 70 Oklahoma, 173 Pac. 845, performance of all conditions was alleged, but no testimony offered to show that proof of loss was made within 60 days. The case was reversed for failure of proof. In St. Paul Fire & Marine Ins. Co. v. Mittendorf, 24 Okla. 651 (sp. cit. 662), 104 Pac. 354, also cited and relied on by defendant, this court said:

"Upon the undisputed facts plaintiffs were entitled to have the law declared to be that defendant by retaining, without objection, the proof of loss furnished by them waived all objections thereto, **including the objection that the same was not sworn to by the insured.**"

The preliminary proof of loss introduced in evidence in this case was as follows:

"C. E. White. Proof of Loss. "1104 Easton Ave.

"Fire occurred about 12:15 p. m., June 22, 1919."

(Then follows a list of the articles with separate and total values stated.)

"The prices I have submitted is not the real value of the goods I lost.

(Signed) "C. E. White, "323 W. Grand Ave.

"Return."

(Indorsed on back.)

"Bates Adjustment Co., 519 Mercantile Bldg., City."

When this exhibit was offered in evidence the objection made to it was in this language:

"To which the defendant objects as incompetent, irrelevant and immaterial, not being sufficiently identified, not within the issues of the case, not tending to prove any issuable fact in this case; he hasn't alleged any waiver of proof of loss and says it was given. No time fixed as to when he gave it to Mr. Graves. Object to it for the further reason it has no bearing on this case as not being any article or paper mentioned in the insurance policy."

Under the condition of the pleadings, as heretofore adverted to, and under the issues presented thereby, these objections were properly overruled. This exhibit being properly admitted in evidence, and the other facts being as admitted by the demurrer, there was ample evidence to take the cause to the jury on plaintiff's case in chief. Upon the record here presented, and under the authorities above cited, it was error to sustain the demurrer to plaintiff's evidence.

Only one other proposition is presented in plaintiff's brief, and this relates to the

rejection as evidence of a certain letter claimed to be an admission of liability by defendant. As this question will not arise under the same circumstances, if at all, on a retrial it will not be passed upon at this time.

For the reasons herein given the judgment of the trial court should be reversed and this cause remanded for a new trial.

By the Court: It is so ordered.