**UNITED STATES FIDELITY & GUARANTY CO. et al. v. GRAY.**

No. 13867—Opinion Filed Feb. 17, 1925.

Opinion Refiled and Rehearing Denied March 3, 1925.

1. **Principal and Surety—Indemnity Bond—Rule of Construction.**

Written language has the same significance and its meaning must be ascertained by the same rules of law when it is found in an indemnity bond of a surety for hire as when it appears in other agreements. Liability cannot be enlarged beyond the scope of the terms of the contract, and where the language is unambiguous, the question of construction does not enter.

2. **Same — Conditions of Liability — Notice by Obligee to Surety of Principal's Default.**

A provision in an indemnity bond executed by a surety to guarantee the full performance of a contract between the principal and the obligee therein, which requires the obligee to give notice of any default on part of the principal in the performance of any of the terms of the contract before any liability shall attach to the surety, must be complied with before a suit may be maintained to recover against the surety, and where it was not alleged in the petition nor shown in the proof that such notice had been given, or waived, it was error for the court to refuse a peremptory instruction requested on behalf of such surety.

3. **Oil and Gas—Breach of Drilling Contract—Measure of Damages.**

The measure of damages for the breach of an express covenant in a contract to complete an oil and gas well to a specified depth is, under the facts and circumstances of the instant case, the reasonable cost of drilling same.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Carter County; Thomas W. Champion, Judge.

Action by W. J. Gray against United States Fidelity & Guaranty Company et al., for breach of bond of indemnity. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Cruce & Potter, for plaintiffs in error.

Brown, Brown & Williams, for defendant in error.

Opinion by FOSTER, C. Parties will be referred to herein as they appeared in the trial court.

Defendant in error, Gray, with J. T. Wicker and John Scott, in April, 1920, as first parties, entered into a contract with plaintiff in error, W. V. Buckner, whereby it was agreed that first parties had oil and gas mining leases upon 5,200 acres of land in Love county and would procure 800 acres additional, the leases to be retained in the possession of Gray until Buckner executed a bond in the sum of $10,000 to be conditioned that Buckner would commence the drilling of an oil and gas well on some part of such lands on or before August 10, 1920, and prosecute drilling operations with due diligence to a depth of 3,500 feet, unless oil or gas was found in paying quantities at a

lesser depth. On presentation of the bond to Gray, the latter was to deliver the leases to Buckner, all of which was accordingly so done. Title to the leases being of record in Buckner, he later sold and assigned some of them. Said bond was in favor of Gray only, as obligee, and was signed by W. V. Buckner, George E. Tinker, and J. R. Mc-Connell as principals, and the other plaintiff in error, United States Fidelity & Guaranty Company, as surety. It contained the following:

"Whereas, said principal has entered into a written contract with the obligee, dated April 10, 1920, for which the obligee owns or will own 6,000 acres of land in Love county, Okla., and has leased same to the above principals under the conditions that they will commence, or cause to be commenced, the drilling of an oil and gas well on part of the land covered by the leases mentioned in said contract, said contract is made a part hereof as though recited at full length herein.

"Now, therefore, the condition of the foregoing obligation is such that if the said principal shall well and truly indemnify and save harmless the said obligee from any pecuniary loss resulting from the breach of any of the terms, covenants and conditions of the said contract on the part of the said principal to be performed, then this obligation shall be void; otherwise to remain in full force and effect in law; provided, however, that this bond is issued subject to the following conditions and provisions."

In October of the same year Gray and his associates agreed in writing to extend the time for beginning the drilling of such well, provided such extension be approved by the United States Fidelity & Guaranty Company, which company appended its signed consent to such extension of time and agreed that such extension would not in any way alter or forfeit the bond executed by it to Gray. Buckner, by arrangement with other parties, caused a derrick to be erected on one tract of the land, which was later abandoned. No well whatever was ever drilled on any part of the lands covered by said leases. Plaintiff Gray sued said principals and said surety on said bond for the amount of the indemnity specified therein, attaching to his petition copies of the bond, the said contract and the extension agreement. Buckner and Tinker answered, admitting the execution of said three instruments and admitting that Buckner had failed to comply with his contract. They also alleged that the default was because Wicker, an associate of plaintiff Gray. had failed to furnish abstracts of title to some of the leases. The bonding company answered by general denial, asked that if any liability be adjudged on said bond, that plaintiff be required first to exhaust his remedy against the codefendants or principals, and that it have judgment over against the said principals on said bond for any amount it might be compelled to pay. Defendant McConnell seems to have disappeared from the suit. Plaintiff introduced his evidence—defendants, none. Judgment on verdict was for plaintiff Gray for $10,000 against the bonding company, Buckner, and Tinker.

One of the provisions contained in the bond sued upon herein was:

"First, that no liability shall attach to the surety hereunder unless. in the event of any default on the part of the principal in the performance of any of the terms, covenants or conditions of the said contract, the obligee shall promptly, and in any event not later than thirty days after knowledge of such default, deliver to the surety at its office in the city of Baltimore, written notice thereof with a statement of the principal facts showing such default and the date thereof; nor unless the said obligee shall deliver written notice to the surety at its office aforesaid, and the consent of the surety thereto obtained, before making to the principal the final payment provided for under the contract herein referred to."

No notice whatever was shown to have been given in pursuance of said provision, nor to have been waived. It is asserted that error appears by the refusal of the court to give a peremptory instruction in favor of defendant, United States Fidelity & Guaranty Company.

It is contended that the notice required by the provisions of the bond hereinabove quoted was a condition precedent, and that because of failure to give it, no liability could attach to the bonding company. We think this contention must be sustained.

It is true, under the modern rule and under the statute (section 5447, Comp. Stat. 1921), that the obligations of a surety for hire are to be liberally construed in accordance with the rules of general law applicable to policies of insurance, but this rule does not conflict with the right of such surety to the benefit of every provision in his contract of suretyship if the language of the provision is clear and unmistakable in meaning.

In Columbia Bank & Trust Company v. United States Fidelity & Guaranty Company, 33 Okla. 535, 126 Pac. 556, the court said:

"The statute under consideration (section 5447, Comp. Stat. 1921) prescribed a new

rule of construction to guide the courts of this state in construing contracts of suretyship, but does not affect the rights of a surety, where there is no ambiguity in the contract. 'Written language has the same significance, and its meaning is to be ascertained by the same rules of law, where it is found in the contract of a surety as when it appears in other agreements.' (Citing, American Bonding Company v. Pueblo Investment Company, 150 Fed. 17, 80 C. C. A. 97, 9 L. R. A. [N. S.] 557.)

"One of the rights of the surety is to compel his principal to pay the debt before the surety himself has paid it. This is the right the surety company is seeking to enforce."

In the instant case, if the right claimed by the bonding company under the bond contract to notice was doubtful or uncertain, or, if the bond contract itself, while requiring notice, had been silent as to the effect failure to give the notice would have on the rights of the obligee, then it would undoubtedly be the duty of the court to adopt that construction which would be most favorable to the obligee. As was said in Southwestern Surety Insurance Company v. Davis, 53 Okla. 332, 156 Pac. 213:

"In case of doubt as to the meaning of the terms of the bond, where one construction would render it void, at the time of its execution and the other construction would give effect thereto, it would be the duty of the court to adopt that construction which would be most favorable to the party for whose benefit the bond was intended, and give it such construction as would make it effective."

But in the case at bar, the contract is not only clear as to the time and manner of notice, but the parties contracted that no liability should attach unless the specified notice had been given. In this situation, no judicial duty devolves on the court of construction or interpretation. The true rule applicable to a situation of this kind is stated in Anthis v. Sullivan Oil & Gas Company, 83 Okla. 86, 203 Pac. 187, where it is said:

"The law will not make a better contract for parties than they themselves have seen fit to enter into, or alter it for the benefit of one party and to the detriment of the others; the judicial function of a court of law is to enforce a contract as it is written." (Citing Kupfersmith v. Delaware Insurance Company. 84 N. J. 271, 86 Atl. 399, 45 L. R. A. [N. S.] 847.)

The great weight of authority in both the state and federal courts is in conformity with the rule laid down in Shawnee Fire Insurance Company v. Beatty, 64 Okla. 61, 166 Pac. 84, where it is said:

"The condition in an insurance policy prescribing the time and manner of giving notice of loss, and the method of ascertaining the amount of loss, must be complied with before suit is commenced to recover on the policy; and a demurrer should be sustained to a petition that exhibits the policy containing such a condition, but does not plead that such conditions were complied with or waived before the suit was commenced."

See, also, Gray v. Reliable Insurance Company, 26 Okla. 592, 110 Pac. 728; St. Paul Fire & Marine Co. v. Mittendorf et al., 24 Okla. 651, 104 Pac. 354; Knight & Jillson v. Castle et al. (Ind.) 87 N. E. 976; National Surety Company v. Long, 125 Fed. 887; United States Fidelity & Guaranty Company v. Rice, 148 Fed. 206; American Bonding Company v. Pueblo Investment Company, 150 Fed. 17; Pacific County et al. v. Illinois Surety Company, 234 Fed. 97; Guaranty Company of North America v. Mechanics Savings Bank & Trust Company, 183 U. S. 402, 46 L. Ed. 253; Green v. United States Fidelity & Guaranty Company et al. (Tenn.) 185 S. W. 726; Blyth-Fargo Company v. Free (Utah) 148 Pac. 427; United States Fidelity & Guaranty Company v. Citizens Building & Improvements Company (Colo.) 163 Pac. 281. In National Surety Company v. Long, supra, the Circuit Court of Appeals, speaking through Judge Sanborn, said:

"* * * Parties to agreements have the right and the power to contract that things immaterial as well as things material shall be the subjects of their warranties, or of conditions precedent to their respective liabilities, and their contracts in the one case are as legal and binding as in the other. * * * The immateriality of a warranty or of a condition precedent made by the agreement of the parties, and the innocuousness of a failure to perform it, do not nullify or mitigate the fatal effect of the failure prescribed by their contract. * * *"

In American Bonding Company v. Pueblo Investment Company, supra, the court in an opinion delivered by the same Judge Sanborn said:

"A surety is never liable beyond the strict terms of his contract. His obligation may not be extended by construction or by implication. On the other hand, it may not be reduced or destroyed thereby. His agreement, like other contracts, must have a rational construction, an interpretation which, while it carefully restricts his liability to that which he agreed to undertake, does not fail to hold him to that liability which, by the plain terms of his agreement, he promised to assume. Written language has the same significance and its meaning must be ascertained by the same rules of law when it is found in the contract

of a surety as when it appears in other agreements."

The parties in the instant case having contracted that no liability should attach unless the specified notice had been given, we think the trial court erred in not giving effect to that provision in the contract and in refusing to give the peremptory instruction requested by the defendant United States Fidelity & Guaranty Company.

However, failure to give the notice provided for in the indemnity bond could not affect the liability of the defendants Buckner and Tinker, the principal obligors therein.

The trial court pronounced judgment against these last named defendants in the sum of $10,000, based upon the reasonable cost to the plaintiff of drilling the oil well to the specified depth, which these defendants obligated themselves to drill in their contract with the plaintiff.

The measure of damages for a breach of an express covenant in a contract to complete an oil and gas well to a specified depth is, under the facts and circumstances of the instant case, the reasonable cost of drilling the same. Ardizonne v. Archer, 72 Okla. 70. 178 Pac. 263; North Healdton Oil & Gas Company v. Skelley et al., 59 Okla. 128, 158 Pac. 1130.

It follows that the judgment of the trial court as to the defendant United States Fidelity & Guaranty Company must be reversed, and the cause remanded, with directions to dismiss plaintiff's petition as to it.

As to the defendants W. V. Buckner and George E. Tinker, the judgment of the trial court is affirmed.

Plaintiff has made proper application for judgment in this court against the surety of defendants Buckner and Tinker on the supersedeas bond in this appeal, the Maryland Casualty Company. It is therefore ordered and adjudged by the court that the plaintiff, W. J. Gray, do have and recover judgment against the Maryland Casualty Company, a corporation, for the sum of $10,000, together with interest thereon from the date of the original judgment herein and all costs, for all of which let execution issue.

By the Court: It is so ordered.